WILLIAM E. KEEFER

*v.*

JOHN T. MASON.

1. FOREIGN ADMINISTRATORS. The act of the legislature giving foreign administrators the power "to prosecute suits in any court in this State," includes the power to sue out an execution on a judgment rendered in favor of the intestate in his lifetime.

2. NOTARY PUBLIC — *power to administer oaths.* The power to administer an oath is not one of the incidents of the office of notary public under the general law merchant, and the court will not presume, in the absence of proof, that a notary in another State has such power.

3. PRACTICE — *affidavit of party.* The affidavit of a defendant in an execution may be a sufficient ground for an order in vacation for a stay of the writ, but is not, unsupported, on the final hearing, sufficient proof to justify the court in calling back its process.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a motion made at the October term, 1864, of the Circuit Court of Sangamon county, by the defendant in an execution, to quash the writ. The grounds of the motion and the facts of the case are stated in the opinion of the court.

Mr. E. B. HERNDON, for the Plaintiff in Error.

Messrs. HAY & CULLOM, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 19th of November, 1858, one Virginia W. Mason recovered a judgment in an action of debt against Keefer, the plaintiff in error. On the 1st of September, 1864, John T. Mason, the defendant in error, claiming to be the administrator of said Virginia, filed his letters of administration in the Circuit Court of Sangamon county, where the above judgment was rendered, together with a bond for costs, and sued out execution in his favor as administrator. The letters of administration had been granted by the Orphans' Court of the county of Washington, State of Maryland, on the 23rd of August, 1859. At the October term, 1864, of the Sangamon Circuit Court, Keefer appeared and moved to quash the execution above named, due notice of the motion having been given to the administrator.

The motion was made upon two grounds : first, that a foreign administrator is not entitled to execution on a judgment in this State, in favor of his intestate, but must resort to a suit on the judgment; second, that it was sufficiently shown, on the hearing of the motion, that the said Virginia W. Mason was dead at the time the judgment in her favor was rendered, and that it was therefore a nullity. The motion was overruled, and that decision of the Circuit Court is assigned for error.

In *The People* v. *Peck*, 3 Scam. 118, it was decided that foreign administrators could not, as such, sue in the courts of this State. Subsequently to that decision, our present law was passed, which authorizes foreign administrators, upon certain conditions, " to prosecute suits in any court in this State." It is urged that the power to take out an execution, upon a judgment rendered in favor of the intestate in his lifetime, is not given by the phrase " to prosecute suits." So narrow a construction is at variance with the liberal and remedial spirit of

the law, and is not required by the strictest interpretation of its language. Indeed, the term "prosecute," both in its popular and etymological signification, will apply with even more propriety to the steps which are taken after the institution of a suit, until its final object is attained, than it will to the institution itself. And as to the policy of the law, no reason can be given why a foreign administrator should not as well be permitted to take out an execution on a judgment obtained by his intestate, as to obtain a judgment in his own name, and then sue out the execution.

As to the second point, we do not think it sufficiently shown that Virginia W. Mason was dead at the date of the judgment, to justify the court in quashing the execution. The letters of administration did not recite the date of her death. The only proof on this point consisted in the *ex parte* affidavits of Keefer himself, and of one Scott. The affidavit of Scott was taken before a notary public in the State of Maryland. The notary does not even certify that he had power to administer oaths, and no evidence to show that was offered, when this affidavit was objected to, on the hearing. The power to administer oaths is not one of the incidents of the office of notary public under the general law merchant, nor was it, so far as we can ascertain, under the Roman law, from which the office is derived. Where that power is annexed to the office it is so by virtue of positive enactment, and we cannot presume its existence in the absence of all proof or ground for presumption. The case of the *Mineral Point Railroad* v. *Keep*, 22 Ill. 16, was decided under the provisions of the attachment law, and the certificate of the notary contained, what the one before us does not, a statement that he was authorized by the laws of Wisconsin to administer oaths. It was properly held that this was within the provision of the attachment act directing how a foreign affidavit is to be authenticated.

The affidavit of Scott being then inadmissible, the only proof was the affidavit of Keefer, the defendant in the execution. It cannot be insisted that this alone is sufficient. As well might it be contended that a court will quash an execution whenever

the defendant will make an affidavit of payment.   His affidavit may be a sufficient ground for an order in vacation for a stay of execution, but when the motion to quash comes up for final hearing, as in this case, it cannot, unsupported, be held sufficient proof to justify the court in calling back its process.

*Judgment affirmed.*