NATHAN STEIN *et al.*

*v.*

PENROSE D. GOOD.

*Filed at Ottawa November 14, 1885.*

1. JUDGMENT BY CONFESSION—*in vacation—proof of execution of power of attorney.* A judgment by confession entered by the clerk of the court in vacation, without there being filed at the time any proof of the execution of the power of attorney, will be set aside on motion of the defendant, and the execution issued thereon quashed. *Quære,* if such judgment is not void.

2. SAME—*when allowed to stand until trial on merits.* Where a judgment by confession, under a power of attorney, is sought to be vacated, or opened, on the ground of mere irregularities in the proceeding, as a general rule it should not be set aside absolutely for that reason, but should be allowed to stand as a security until the case can be heard on the merits.

3. SAME—*papers constituting part of record.* In the case of judgment by confession under a power of attorney in vacation, where wholly *ex parte,* the papers filed constitute a part of the record without being preserved in a bill of exceptions. In such case the record should show, unequivocally, that the power of attorney on file was executed by the defendant.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Warren county, the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. GRIER & DRYDEN, for the appellants :

No seal is necessary to a warrant of attorney to confess judgment. *Truett* v. *Wainwright,* 4 Gilm. 411.

A warrant of attorney, authorizing confession at any time after its date, authorizes confession before maturity of note or debt. *Adam* v. *Arnold,* 86 Ill. 185; *Sherman* v. *Baddeley,* 11 id. 622.

Confession of judgment by an attorney is conclusive of his authority so far as the validity of the judgment is concerned. If without authority, the remedy is against the attorney, or application to open judgment. *Cyphert* v. *McCune,* 22 Pa. St. 195; *Denton* v. *Noyes,* 6 Johns. 295; *Ingalls* v. *Sprague,* 10

94 STEIN *et al.* v. GOOD.

Wend. 675; *Gaillard* v. *Smart,* 6 Cow. 386; *Acker* v. *Ledyard,*
S N. Y. 65; *Bates* v. *Voorhees,* 20 id. 528; *Hamilton* v. *Wright,*
37 id. 505; *Brown* v. *Nichols,* 42 id. 26; *Cox* v. *Railroad Co.*
63 id. 419.

That the want of an affidavit showing the execution of the
warrant of attorney is not fatal, we cite the following among
many other cases: *Griffin* v. *Mitchell,* 2 Cow. 548; *Close* v.
*Gillespie,* 3 Johns. 526; *Miller* v. *Earle,* 24 N. Y. 110; *In-
gram* v. *Roberts,* 33 id. 409; *Stone* v. *Williams,* 4 Barb. 322;
*Sharp* v. *Young,* 5 N. J. L. 976; *Evans* v. *Adams,* 3 Green,
(N. J.) 373; *Wilkins* v. *Croft,* 2 N. J. L. (1 Pen.) 91; *Dew*
v. *Zellars,* 7 N. J. L. 153; *Stewart* v. *Hibernian Banking As-
sociation,* 78 Ill. 596; *Page* v. *Wallace,* 87 id. 84.

If the judgment was unjust, or appellee had any defence,
the court should have opened the case, leaving the judgment
to stand as a security until a trial was had on the merits.
*Lyon* v. *Boilvin,* 2 Gilm. 629; *Truett* v. *Wainwright,* 4 id.
411; *Lake* v. *Cook,* 15 Ill. 353; *Fleming* v. *Jencks,* 22 id. 475;
*Sloo* v. *Bank,* 1 Scam. 428; *Condon* v. *Besse,* 86 Ill. 159;
*Walker* v. *Ensign,* 1 Bradw. 113.

In the following cases the judgments were allowed to stand,
although there was no proof of the execution of the power of
attorney preserved: *Truett* v. *Wainwright,* 4 Gilm. 411; *Flem-
ing* v. *Jencks,* 22 Ill. 475; *Roundy* v. *Hunt,* 24 id. 598; *Rising*
v. *Brainard,* 36 id. 79; *Hempstead* v. *Humphrey,* 38 id. 91;
*Stahl* v. *Shipp,* 44 id. 133; *Page* v. *Wallace,* 87 id. 84.

Mr. W. C. NORCROSS, and Messrs. WILLIAMS, LAWRENCE &
BANCROFT, for the appellee:

Proof of the execution of the warrant of attorney was es-
sential to the jurisdiction. *Roundy* v. *Hunt,* 24 Ill. 601;
*Anderson* v. *Field,* 6 Bradw. 313; *Friar* v. *National Bank,* 73
Ill. 473; *Tucker* v. *Gill,* 61 id. 238.

Section 34, chapter 110, of the Revised Statutes, which
dispenses with proof of execution unless denied under oath,

applies only to instruments declared on. *Hall* v. *Freeman,* 59 Ill. 57.

The written power to confess judgment is to be strictly construed and pursued. *Thomas* v. *Mueller,* 106 Ill. 44; *Keith* v. *Kellogg,* 97 id. 151; *Roundy* v. *Hunt,* 24 id. 601.

That an attorney who confesses a judgment under a warrant of attorney is a mere attorney in fact, and as such must not only produce his warrant of attorney to do so, but must ·make proof of its execution, is either stated absolutely or by necessary implication in all the following cases: *Roundy* v. *Hunt,* 24 Ill. 601; *Durham* v. *Brown,* id. 93; *Tucker* v. *Gill,* 61 id. 238; *Hall* v. *James,* 32 id. 41; *Iglehart* v. *Insurance Co.* 35 id. 15; *Iglehart* v. *Morris,* 34 id. 502; *Thomas* v. *Mueller,* 106 id. 44; *Anderson* v. *Field,* 6 Bradw. 313.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal· from the Appellate Court for the Second District, affirming an order of the Warren circuit court vacating a judgment entered in vacation, and quashing an execution issued thereon.

The circuit court set aside the judgment in question absolutely, and quashed the execution issued thereon, for the reason no proof of the execution of the power of attorney, under which the confession was made, was filed with it. The simple question ·presented by the record for determination is, whether the court committed an error in doing so for which the Appellate Court should have reversed the order. While the question is not entirely free from difficulty, we are inclined to answer it in the negative. The appellee maintains that the clerk, without such proof on file, had no power or jurisdiction to act at all, and that the judgment, therefore, was a nullity. The position of appellants is, that the validity of the judgment did not depend upon the proof of the execution of the power of attorney, but rather upon its existence, and whether

it authorized the confession of the judgment made under it; that as neither of these facts was questioned, and the justness of appellants' claim is not assailed, it was error to set aside the judgment. The authorities have been reviewed by counsel on both sides in support of their respective positions, but, as is not unfrequently the case, they have reached different conclusions. We do not deem it necessary to review the cases cited, for the purpose of determining whether they support the one view or the other. It may be admitted that if all the expressions to be found in the cases bearing on the question were collected together, and construed without regard to the particular facts in the cases to which they severally relate, both positions might possibly find apparent support. Indeed, it would be no cause for surprise if they did.

We fully recognize the general rule that where some mere irregularity has occurred in the confession of a judgment under a power of attorney, and it is assailed on that ground, it should not be set aside absolutely for that reason, but should be permitted to stand as security until the case can be heard on its merits. But this is a general rule of practice, only, and may well have its exceptions, like most general rules. While we are unable to say the court erred in setting aside the judgment absolutely for the reason stated, it is unnecessary to express any opinion as to whether such omission to file the proof in question rendered the judgment void. In this class of cases, where the whole proceeding is strictly *ex parte*, and the papers filed constitute a part of the record without any bill of exceptions making them so, public interests would seem to demand that some evidence should appear in the record showing, unequivocally, that the judgment was confessed by authority of the defendant in the judgment,—or, in other words, showing that the power of attorney on file was actually executed by him. These judgments are most generally confessed when the defendant is in failing circumstances,

and when the business community have an interest in his affairs. In such case it is a matter of importance to his creditors to be able to know with reasonable certainty whether the instrument purporting to be authority for the confession of the judgment, is genuine, and, in short, whether the law authorizing the judgment has been substantially complied with. Such information is generally essential to the protection of their own interests. Uniformity and regularity in these proceedings are therefore of the utmost importance to the community, and we are aware of no better method of securing these desirable objects than by saying to those who take such judgments, that they must, at their peril, see that the law has been complied with, or take risk of losing the benefit of their judgments.

The judgment will be affirmed.

*Judgment affirmed.*