CHARLES P. PACKER

*v.*

MELVILLE T. ROBERTS, for use, etc.

*Filed at Ottawa January 18, 1892.*

1. APPEALS AND WRITS OF ERROR—*reviewing the facts.* Where, on a trial before the court, without a jury, the record shows no exceptions to rulings in admitting or excluding evidence, or the submission of any propositions of law, and there is evidence tending to sustain the finding of the court, its sufficiency is reviewable only by the Appellate Court.

2. ASSIGNMENT—*in a separate paper.* A promissory note can not, under our statute, be assigned so as to vest the legal title in the assignee by a separate instrument. That can be done only by indorsement on the note itself.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. E. A. SHERBURNE, for the appellant.

Messrs. FLOWER, SMITH & MUSGRAVE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This record discloses no question of law arising upon the rulings during the trial, which was, by agreement of parties, before the judge, without the intervention of a jury. There were no exceptions to rulings in admitting or excluding evidence, and no propositions of law were submitted to the judge and marked "held" or "refused," and there being evidence tending to sustain the finding, its sufficiency was reviewable only by the Appellate Court.

Conceding, for the sake of argument, that the question of whether the suit is properly brought in the name of the payee of the note,—he having, previously to the bringing of the suit,

executed a voluntary deed of assignment to an assignee,—is before us, the answer must be in the affirmative, upon the authority of *Ryan* v. *May*, 14 Ill. 49, *Chickering* v. *Raymond*, 15 id. 362, *Fortier* v. *Darst*, 31 id. 213, *Badgley* v. *Votrain*, 68 id. 25, and *Barrett* ·v. *Hinckley*, 124 id. 32, in which it is held that a promissory note can not, under our statute, be assigned·so as to vest the legal title in the assignee by a separate instrument, but that it can only be done by indorsement on the note itself.

The judgment is affirmed.

*Judgment affirmed.*