## Josiah Matzenbaugh v. Robert Doyle.

CONFESSION OF JUDGMENT—*Statute of Limitations.*—In a case of confession of judgment by *cognovit*, it is necessary to show by the record that the power to confess the judgment was in existence; the presumption is that if by the running of the statute of limitations the debt is barred, the power to confess judgment contained in the power of attorney is also barred.

2.   SAME—*Void for Want of Proof of the Execution of the Power.*—A judgment by confession is void where the power of attorney under which it is confessed is not accompanied by an affidavit showing its execution.

3.   JUDGMENTS—*Must Stand or Fall by the Record.*—A judgment record must either stand or fall, by what is contained in it.    It can not be aided by extrinsic proof.   If entered by confession, and it appears on the face of the record that the power of attorney, by virtue of which the confession was made, is barred by the statute of limitations because the debt is so barred, the judgment is void.

4.   SAME—*By Confession in Vacation.*—The confession of a judgment in vacation is a statutory proceeding in derogation of common law, and a judgment so confessed will not be held valid, unless there is a strict compliance with the statute.

Memorandum.—Confession of judgment.   Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1894, and affirmed.   Opinion filed December 13, 1894.

KAY & KAY, attorneys for appellant.

DOYLE & HILSCHER, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF
THE COURT.

This was a confession of judgment by appellant by power of
attorney contained in the promissory note upon which judg-
ment was confessed.   The confession was taken in the Cir-
cuit Court, upon which judgment was rendered in vaca-
tion November 3, 1890, for $1,482.57 and costs, by the clerk.

The note upon which the judgment was confessed bears
date May 16, 1878, for $1,075, due in thirty days, drawing
ten per cent interest after due.   There were no payments
indorsed on the note, or anything on file to show any pay-
ments had been made or new promise in writing within ten
years, prior to the entry of the judgment.   Apparently, from
the note and all papers on file, the statute of limitations had
run against the note and the note had never been renewed.
No execution was ever issued on the judgment, but in Oc-
tober, 1893, *scire facias* to revise the judgment was issued
out of the Circuit Court and served on appellee, returnable
to the November term, 1893, of the Circuit Court.   On
November 7, 1893, appellee moved the court to vacate the
judgment and on the 7th March, 1894, the court decided the
motion in appellee's favor, and vacated the judgment, from
which order of vacation this appeal is taken.   Before the
hearing appellant filed his affidavit, showing payments on
the note from 1878 to June 16, 1883, which by agreement
between appellant and appellee was to apply as credit on
the note, amounting in the aggregate to $809.29.   This affi-
davit was objected to and held by the court to be incompe-
tent.

The question presented by this record has probably never
been passed upon by the Supreme Court of this State, but,
as we think, analogous questions have.   It has been held
that a judgment by confession is void, where the power of
attorney is not accompanied by an affidavit showing its exe-

cution, and is of no force and effect whatever. Gardner v. Bunn et al., 132 Ill. 403; Stein et al. v. Good, 115 Ill. 93.

In the latter case in its comments concerning the policy of the law the court says: " In this class of cases where the whole proceeding is *ex parte* and the papers filed constitute a part of the record without any bill of exceptions making them so, public interest would seem to demand that some evidence should appear in the record showing unequivocally that the judgment was confessed by authority of the defendant in the judgment, or in other words, showing the power of attorney on file was actually executed by him."

But in a case like the one at bar, it would seem to us that there was as much necessity to show by the record that the power to confess judgment still existed as to show its existence in the first instance, where on the face of the papers it clearly appeared that the power had expired. The presumption is clear that by the running of the statute of limitations the debt had been barred and the agency to confess judgment contained in the power of attorney had expired.

A judgment record must either stand or fall by what is contained in it, and it can not be aided by extrinsic proof. The judgment in a case like this after the power had expired would appear on its face void, and a confession of judgment without authority of law. There is as much reason for holding that after, *prima facie*, the power to confess judgment had expired by limitation, it should be shown by affidavit filed that it had been revived, as to show its execution in the first instance. In Emery v. Keighan et al., 88 Ill. 482, it was held that a sale under power of attorney in a mortgage after the running of the statute of limitations was *prima facie* void, and such deed could not be read in evidence in an action of ejectment to sustain title without proof of the execution of the power in some way recognized by law. See, also, same case in 94 Ill. 543.

In case of the judgment in question, suppose sale of real estate had taken place under an execution issued on it, and it had ripened into a supposed title; could such a title be read in evidence, where it appeared from the face of the

judgment the attorney had no power to confess judgment? And a judgment of this kind can not be sustained and aided by parol proof.

In our judgment the analogies, as well as the policy of the law, would forbid courts sustaining a judgment like the one at bar.

If such a judgment as this can be sustained, the maker of a note with a power may be harassed for many years after the statute of limitations had run against it, by confession of judgment by virtue of a long extinguished power. The safety of titles depends on the regularity of judgments. In Stein v. Good, *supra*, the court say: "Uniformity and regularity in these proceedings * * * are of the utmost importance to the community, and we know of no better method of securing these desirable objects, than by saying to those who take such judgments, that they must at their peril see that the law has been complied with."

In Gardner v. Bunn et al., *supra*, the court say: "The confession of judgment in vacation, is a statutory proceeding in derogation of the common law, and a judgment of that character will not be valid, unless there is a strict compliance with the law under which it may be authorized."

In Wisconsin, the Supreme Court of that State has held confessions of judgment under power contained in the note after the running of the statute, void. Waldron v. Manson, 23 Wis. 393; Brown v. Parker, 28 Wis. 22.

Seeing no error in the record, the judgment and order of the court below is affirmed. Order and judgment affirmed.

CARTWRIGHT, J., dissents.