## THE DESNOYERS SHOE COMPANY

*v.*

## THE FIRST NATIONAL BANK *et al.*

*Opinion filed December 20, 1900.*

1. JUDGMENTS AND DECREES—*correct practice in confessing judgment.* In case of the confession of judgment in vacation the plaintiff should file a declaration upon his cause of action, the warrant of attorney authorizing the confession of judgment, an affidavit proving the execution thereof, and a cognovit, whereupon the clerk may enter judgment.

2. SAME—*affidavit proving execution of warrant of attorney is jurisdictional.* In case of confession of judgment in vacation the proof of the execution of the warrant of attorney can only be made by affidavit, and if no affidavit proving such execution is filed, the judgment is void and no right can be predicated thereon.

3. AFFIDAVITS—*when affidavit of execution of warrant of attorney is void.* An affidavit as to the execution of a warrant of attorney to confess judgment is void where the foreign notary public before whom the affidavit was made does not certify, under his official seal, that he has authority to administer oaths, and no other evidence of such fact was filed therewith.

4. SAME—*foreign notary's seal and jurat are not prima facie proof of authority to administer oaths.* The official seal and *jurat* of a foreign notary public are not, under section 6 of the act on oaths and affirmations, (Rev. Stat. 1874, p. 727,) *prima facie* evidence of his authority to administer oaths, if the *jurat* contains no recital of the fact of such authority.

5. SAME—*effect of void affidavit of warrant of attorney to confess judgment.* If the affidavit filed as proof of the execution of the warrant of attorney to confess judgment is void because there is no evidence that the foreign notary public was authorized to administer oaths, the want of proof of the execution of the warrant can not be cured by filing a new and amended affidavit showing such authority, or by the statutes of the foreign State within which the notary was acting, or by any proof outside the record.

6. PRACTICE—*when rule requiring defense to merits before setting aside judgment by confession does not apply.* The rule that a judgment by confession will not be vacated upon motion unless there is a defense to the merits, has no application to a motion to set aside a judgment by confession in vacation upon the ground of want of proof of the execution of the warrant of attorney.

*Desnoyers Shoe Co.* v. *First Nat. Bank,* 89 Ill. App. 579, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. WILLIAM M. FARMER, Judge, presiding.

H. M. POLLARD, for appellant:

There is no statutory provision for an affidavit in confessing a judgment like that in replevin and attachment. Only a practice which has grown up requires this.

The Oaths act seems to be conclusive that all a notary of another State need do is to affix his seal. It is as follows (chap. 101, sec. 6): "When any oath authorized or required by law to be made is made out of the State, it may be administered by any officer authorized by the laws of the State in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be received as *prima facie* evidence, without further proof of his authority to administer oaths."

An officer authorized to take acknowledgments out of this State may administer oaths, and his seal is evidence of his authority. *Rowley* v. *Berrian*, 12 Ill. 188.

Our statute does not make it the duty of a notary to verify his act by his notarial seal, except in acknowledging a deed. *Stout* v. *Slattery*, 12 Ill. 163.

The seal of a notary public is judicially taken notice of by courts, he being an officer recognized by the whole commercial world. 1 Greenleaf on Evidence, par. 5.

In the following cases there was no affidavit of the execution of the warrant of attorney, and the judgments by confession rendered therein were all sustained: *Close* v. *Gillespee*, 3 Johns. 526; *Miller* v. *Earle*, 24 N. Y. 110; *Stone* v. *Williams*, 4 Barb. 322; *Evans* v. *Adams*, 3 Green, (N. J.) 373; *Griffin* v. *Mitchell*, 2 Cow. 548; *Ingram* v. *Roberts*, 39 N. Y. 409; *Sharp* v. *Young*, 5 N. J. L. 976.

A motion to set aside a judgment by confession appeals to the equitable jurisdiction which courts of law exercise over judgments by confession, and such confes-

sions will not be set aside unless there is a defense on the merits. *Parker* v. *Roberts*, 140 Ill. 17.

A judgment will not be vacated to let in a defense when the affidavits filed in support of the motion fail to show that the defense can be successfully maintained. *Holmes* v. *Parker*, 125 Ill. 478.

Courts of law exercise equitable jurisdiction in matters of this character, and will not disturb the judgment unless the defendant has shown an equitable defense. *Campson* v. *Goddard*, 17 Ill. App. 382; *Rising* v. *Brainard*, 36 Ill. 80; *Thomas* v. *Mueller*, 106 id. 36; *Hansen* v. *Schlesinger*, 125 id. 230.

That a judgment by confession can only be set aside on an equitable showing was especially held in *Knox* v. *Bank*, 57 Ill. 330, and *Zuckermann* v. *Solomon*, 73 id. 130.

ZINK, JETT & KINDER, and AMOS MILLER, for appellees:

There are no presumptions made in favor of a judgment entered by confession before the clerk in vacation. It must stand or fall by the record as made at the time it was entered by the clerk. *Tucker* v. *Gill*, 61 Ill. 241; *Iglehart* v. *Insurance Co.* 35 id. 516; *Martin* v. *Judd*, 60 id. 83; *Campbell* v. *Goddard*, 117 id. 252.

Before the clerk in vacation can enter a valid judgment there must be filed with him a declaration, a power of attorney authorizing confession and proof of its execution, and a plea of confession. *Tucker* v. *Gill*, 61 Ill. 236.

The clerk has no power to enter a judgment by confession in vacation without proof being filed of the execution of the power of attorney. *Gardner* v. *Bunn*, 132 Ill. 403; *Roundy* v. *Hunt*, 24 id. 598; *Chase* v. *Dana*, 44 id. 262; *Durham* v. *Brown*, 24 id. 94.

The only mode of proving the execution of the power of attorney before the clerk in vacation is by affidavit. *Hall* v. *Jones*, 32 Ill. 43; *Ball* v. *Miller*, 38 id. 110; *Gardner* v. *Bunn*, 132 id. 403.

Judgments entered by the clerk in vacation without proof of the execution of the power of attorney are void. *Gardner* v. *Bunn,* 132 Ill. 403; *Matzenbaugh* v. *Doyle,* 56 Ill. App. 343.

Mr. JUSTICE HAND delivered the opinion of the court:

On the 16th day of September, 1898, the appellant caused a judgment by confession to be entered in vacation in the circuit court of Montgomery county, against the appellee H. G. Tuttle, for $1563.74, upon eight judgment notes.   Execution was immediately issued thereon and delivered to the sheriff of that county and by him levied upon a stock of boots and shoes belonging to Tuttle.   Subsequently, other executions came into the hands of the sheriff against Tuttle, which were levied upon said stock.   Upon a sale of the stock the sheriff did not realize a sufficient amount to pay in full all the executions in his hands against Tuttle.   At the November term, 1898, of said court, Tuttle made a motion to vacate the judgment in favor of appellant, upon the ground that no affidavit proving the execution of the warrants of attorney was filed with the warrants of attorney at the time said judgment was entered by the clerk of said court, in this: that the notary public, who is a resident of the State of Missouri, who administered the oath to J. B. Desnoyers, whose affidavit was filed with the clerk in proof of the execution of the warrants of attorney upon which appellant's judgment was confessed at the time of the entry of the judgment, did not certify that he had authority, under the law of the State of Missouri, to administer oaths.   At the same term the sheriff brought the money received from the sale of the stock levied on by him under said executions into court, and filed a petition therein asking for an order distributing the same among said execution creditors according to their rights and priorities.   The creditors entered their appearances, and the court thereupon heard said motion and petition together,

and held that the judgment of appellant was void by reason of the insufficiency of said affidavit, refused to allow the appellant leave to amend the same, set aside said judgment, quashed the execution issued thereon and ordered the proceeds from the sale of said stock, after payment of costs, distributed among the other execution creditors. Appellant, having excepted to such order, perfected an appeal therefrom to the Appellate Court for the Third District, where the same was affirmed, and the appellant has prosecuted his appeal to this court from such judgment of affirmance.

The statute authorizes any person, by himself or his duly authorized attorney, to confess judgment in any court of record in this State, either in term time or vacation, without process, for a debt *bona fide* due, and provides that judgments entered in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent, as judgments entered in term time. (Starr & Cur. Stat.—2d ed.—sec. 66, p. 3083.) The established practice in this State in case of the confession of a judgment in vacation in a court of record requires the plaintiff to file with the clerk of the court a declaration upon his cause of action, the warrant of attorney authorizing the confession of judgment, an affidavit proving the execution thereof, and a *cognovit*, whereupon the clerk enters judgment. *Roundy* v. *Hunt*, 24 Ill. 598; *Gardner* v. *Bunn*, 132 id. 403.

The proof of the execution of the warrant of attorney in case of confession of judgment in vacation can only be made by affidavit, and the filing of such affidavit is jurisdictional and a condition precedent to the right of the clerk to enter judgment. If the clerk enter a judgment in vacation where no affidavit has been filed proving the execution of the warrant of attorney, the judgment is absolutely void and no right can be predicated thereon. (*Stein* v. *Good*, 115 Ill. 93; *Gardner* v. *Bunn, supra; Matzenbaugh* v. *Doyle*, 156 id. 331.). In *Gardner* v. *Bunn, supra,*

which was a confession in vacation, on page 409 the court say: "From the cases cited, the only fair conclusion to be drawn would seem to be, that a clerk, in vacation, has no power to enter a judgment by confession without proof of the execution of the power of attorney. A judgment cannot be entered unless jurisdiction is first acquired of the person of the defendant. Here the power of attorney purported to authorize the attorney to appear before the clerk, waive process, enter the appearance and confess judgment; but unless the power of attorney was executed by Turner & Son, (and there is no evidence of that fact in the record,) the attorney had no authority to enter the appearance, and without such authority no jurisdiction of the person was acquired, and if there was no jurisdiction of the person the judgment was absolutely void."

The first question to be decided on this record is, was there an affidavit filed with the clerk proving the execution of the warrants of attorney in this case? The affidavit filed with the clerk at the time judgment was entered and relied upon by appellant as proof of the execution of the warrants of attorney authorizing the confession of a judgment is as follows:

"STATE OF MISSOURI, }
  *City of St. Louis.* }

"J. B. Desnoyers, being duly sworn, upon his oath says he is president of the plaintiff in the above cause, and that he has had a large correspondence with defendant, covering several years, and that the signatures to the notes attached to the declaration herein are the signatures of the defendant, H. G. Tuttle.                          J. B. DESNOYERS.

"Subscribed and sworn to before me this 16th day of September, 1898.                          GEORGE M. BLOCK,
[Notarial Seal.]   *Notary Public in and for City of St. Louis, State of Missouri.*

"My term will expire June 28, 1901."

Section 6 of chapter 101 of the Revised Statutes is as follows: "When any oath authorized or required by law to be made is made out of the State, it may be administered by any officer authorized by the laws of the State

in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be received as *prima facie* evidence without further proof of his authority to administer oaths." By the general law merchant a notary public did not have power to administer oaths. Such authority is only conferred by statute, and will not be presumed to exist, but must be proven. (*Keefer* v. *Mason,* 36 Ill. 406.) The supposed affidavit of J. B. Desnoyers, above set forth, sworn to in the State of Missouri, under said statute, as heretofore construed by this court, was void for the reason the notary made no certificate of his authority to administer oaths under the laws of the State of Missouri, and there was no other evidence of such fact filed therewith. *Keefer* v. *Mason, supra; Smith* v. *Lyons,* 80 Ill. 600; *Ferris* v. *Commercial Nat. Bank,* 158 id. 237; *Trevor* v. *Colgate,* 181 id. 129.

It is insisted by appellant that the *jurat* and seal of the notary public attached to said affidavit established *prima facie* the fact that said notary public had authority, under the laws of the State of Missouri, to administer oaths. This contention cannot be sustained. In the case of *Trevor* v. *Colgate, supra,* on page 131 the court say: "The position of counsel for appellees is, the certificate of the notary, under his official seal, that he has administered the oath, is made by said section 6 *prima facie* proof that the notary had authority to administer oaths. That construction cannot be accepted. The meaning of the section is, if the notary shall certify, under his official seal, that he has authority to administer oaths under the statute of the State under which he holds his commission, such certificate shall be *prima facie* evidence that he has such statutory authority."

At the time the judgment was entered there was no affidavit on file with the warrants of attorney proving the execution thereof by Tuttle. For want of such proof no jurisdiction was acquired over the person of Tuttle, and the judgment entered by the clerk against him, in

favor of the appellant, was a nullity. The appellant, on the hearing, sought to cure such defect by filing an amended affidavit containing a certificate of the notary that he was authorized, under the laws of the State of Missouri, to administer oaths on the date upon which the original affidavit was sworn to before him; also by introducing in evidence the Revised Statutes of the State of Missouri, showing that notaries public in that State were authorized to administer oaths. The court refused to permit the amended affidavit to be filed, but said statutes were admitted in evidence, and showed that notaries public in the State of Missouri had power to administer oaths. We are of the opinion the want of proof of the execution of said warrants of attorney could not be cured by the filing of a new or amended affidavit with the clerk of the court, or by the introduction of said statutes on the hearing, or by any proof *aliunde* the record. The judgment was entered by the clerk in vacation, and it must stand or fall by the record as made at the time of the entry thereof. It cannot be amended, supplemented or sustained by proof outside of the record itself. In *Matzenbaugh* v. *Doyle, supra,* on page 334 we say: "In cases of this character the authority of the attorney to execute the *cognovit,* and of the clerk to enter up judgment in pursuance thereof, should fully and clearly appear from the papers filed upon the application for judgment. Those papers, together with the judgment, constitute the record, and like other records it must be tried by itself, and its validity cannot be made to depend upon evidence *aliunde.*"

It is further contended by appellant that a motion to set aside a judgment by confession appeals to the equitable jurisdiction which courts of law exercise over judgments by confession, and such judgments will not be set aside unless there is a defense on the merits. The rule contended for has no application in a case where a judgment entered by confession in vacation is attacked for want of proof of the execution of the warrant of attorney.

If such proof is wanting the judgment is wholly void for want of jurisdiction to enter the same. In such case, it is binding upon no one and may be attacked collaterally, as it was in *Gardner* v. *Bunn, supra,* where the same contention as here was made, and in reply thereto, on page 412, the court say: "Unless there is proof filed when the judgment is entered that the power was executed, there is no jurisdiction of the person and the judgment is void. But in the other case, the power of attorney being properly executed, as established by the proof, the court has jurisdiction to enter the judgment, and the matter to be addressed to the court is something which has arisen after jurisdiction was conferred. Such matters arising after the execution of the power may render the judgment unjust or erroneous but not void, and hence they may with propriety be addressed to the court where the judgment was entered; but a void judgment binds no one, and it may be questioned indirectly or collaterally."

We have examined the questions raised on this record with much care, and are of the opinion the judgment of the Appellate Court should be affirmed, which is done accordingly.                *Judgment affirmed.*