### Elizabeth Pierson v. Swan Linn.

1. APPELLATE COURT PRACTICE—*Where Cross-errors Are Necessary.*—On an appeal by an unsuccessful plaintiff, where no cross errors are assigned by the successful defendant, the question of the action of the trial court in permitting the common counts to be filed as an amendment to the declaration or of its refusal to strike them from the files can not be raised.

2. PRACTICE—*Where a Court of Law Opens a Judgment and Allows a Defendant to Plead.*—When a court of law opens a judgment by confession previously rendered by it, and permits a defendant to plead, the jurisdiction it thus exercises is of an equitable nature and it will not relieve the defendant in such judgment if he owes the amount and has no defense, either legal or equitable, to the debt for which the judgment was rendered.

3. SAME—*Where a Court of Equity Will Not Open a Judgment to Allow a Defendant to Plead.*—A court of equity will not open a judgment by confession for the purpose of allowing a defendant to plead, where he owes the amount of the judgment or is liable to pay the debt upon which such judgment is rendered and has no defense to such indebtedness.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed April 11, 1902.

J. L. MURPHY, attorney for appellant.

WATTS A. JOHNSON, attorney for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

At the April term, 1899, of the court below, Elizabeth Pierson recovered a judgment by confession against Swan Linn and Alfred Pierson, alleged in the declaration to be partners, engaged in the mercantile business, doing business at Spring Valley under the firm name " Linn & Pierson, " and at Princeton under the firm name " Swan Linn & Co." Execution was issued upon the judgment. At the next term, on motion of Linn, the judgment was opened and the execution was stayed, and leave was given Linn to plead. It is argued it was error to open the judgment. There is no such assignment of error, nor is the showing upon which the judgment was opened preserved by the bill of exceptions. Linn filed pleas of non-assumpsit and denying the execution by him of the note upon which the suit was brought. These pleas were verified by affidavit. At a later term plaintiff, by leave of court, filed the common counts as an amendment to her declaration, and attached thereto a copy of the account sued on, and an affidavit of claim by plaintiff. Linn moved to strike from the files the amendment to the declaration. This was denied. It is argued by Linn that it was error to permit the common counts to be filed and to refuse to strike them from the files. No cross-errors are assigned, and the record does not raise the question. Linn then filed a verified plea of non-assumpsit to the common counts. There was a jury trial. At the close of plaintiff's proofs, the court, on motion of defendant Linn, instructed the jury to find for defendant, no cause of action. This was done, a motion by plaintiff for a new trial was denied, and judgment was rendered in favor of Linn and against plaintiff for costs. Plaintiff appeals.

Plaintiff proved the partnership of defendants in the mercantile business; that she is the wife of defendant Pierson; that the firm needed $700 in its business, and Linn tried unsuccessfully to borrow it of Nels and Olaf Johnson; that the defendants came to plaintiff and asked her to raise the money on certain real estate she owned,

by giving a mortgage to the Johnsons; and that at their
request she borrowed $700 of Olaf Johnson, her husband
signing the note with her, and she mortgaged her lots to
secure the loan; that she delivered the $700 to Swan Linn
and Alfred Pierson, the defendants; that the judgment note
in suit, which was for $700, dated February 1, 1894, due in
one year, with interest at seven per cent per annum, and
signed "Linn & Pierson," was written and given to her by
defendant Pierson at the time she gave the mortgage to
Johnson; that Olaf Johnson assigned his note to Nels
Johnson; that Linn promised the latter that he would pay
the debt when he could sell a certain house; that plaintiff
raised the money by mortgaging her property to another
party, and paid Nels Johnson; that defendants have not
paid her any portion of the debt, and she still owns the
note of Linn & Pierson given her in 1894 to evidence the
loan she thus made them.

Linn argues the proof does not show that his partner,
Pierson, signed the firm name to the note in suit. The
proof is, Pierson wrote the note. If that would not natu-
rally be understood to signify that he wrote all parts of the
note, including the signature, the further proof is he
delivered the note to plaintiff, bearing the signature "Linn
& Pierson," and on the strength of it both partners, under
the proof, received from plaintiff $700 for firm uses.
Under such proof the firm would be equally bound by the
note, as a note, no matter who wrote the signature. Linn
also claims that because it was a judgment note, and judg-
ment was confessed upon it against the firm, he was entitled
to a verdict for want of proof that he authorized his partner
to attach the firm name to a judgment note, the execution
in the firm name of a warrant of attorney to confess judg-
ment not being within the scope of the authority of a
partner.

It is well settled in this State that when a court of law
opens a judgment by confession previously rendered by it,
and permits a defendant to plead, the jurisdiction it thus
exercises is of an equitable nature, and that it will not

relieve the defendant in such a judgment if he owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment was rendered. (Farwell v. Huston, 151 Ill. 239.) The rules applied by a court of equity in such a case are shown in Colson v. Leith, 110 Ill. 504, which was an application to a court of equity by a defendant in a judgment at law to be relieved therefrom because he was not served with process. It was there held that a court of equity only relieves against so much of a judgment as the party is equitably not bound to pay; that the right to an injunction is because the party does not owe, and not because of the form the debt has been made to assume. It was there said:

" A court of equity will not enjoin a judgment at law where there has been no service, unless it has been alleged and proved that if the relief be granted a different result will be obtained from that already adjudged by the void judgment."

In Hier v. Kaufman, 134 Ill. 215, there had been a judgment by confession. The note and warrant of attorney were united and bore but one signature, as in the case now before us. The signature was only the firm name, affixed by one partner, as here, and it was so affixed without the authority of the other partner. The judgment by confession was in term time, as here. The County Court in an assignment proceeding had held the judgment void. The Supreme Court said if the County Court had power to set aside the judgment because rendered by a court of law which had no jurisdiction of one of the judgment debtors for want of service of process upon him, such power must rest upon the equitable jurisdiction vested in the County Court by the assignment act. The Supreme Court then said a court of equity will not grant such relief if the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered. It quoted with approval from Freeman on Judgments, that "Notwithstanding an alleged want of service of process, a court of equity will not inter-

fere to set aside a judgment until it appears that the result will be other or different from that already reached." It was also there held that though the note and warrant of attorney were but one instrument and bore but the one signature of the firm, and though one partner had no power to sign the firm name to the warrant of attorney, still he had power to sign the firm name to the note, and to bind the firm by the note. To the same effect are Mumford v. Tolman, 157 Ill. 258; State Bank of Freeport v. Blake, 78 Ill. App. 166, and Blake v. State Bank of Freeport, 178 Ill. 182. Expressions of a different rule are found in other cases, but upon an examination it will be seen they were generally cases of an appeal from an order vacating or refusing to vacate a judgment by confession in vacation, where the failure to file with the clerk the necessary papers is fatal to the judgment if property attacked. This difference between an attack upon a judgment entered in term and upon one entered in vacation is pointed out in Packer v. Roberts, 140 Ill. 9. Nor had the defendant in any of the cases just referred to filed pleas contesting the suit upon the merits, and thereby submitted for trial the merits of plaintiff's cause of action.

Linn filed pleas, both to the original declaration and to the common counts subsequently added. He thus submitted himself completely to the jurisdiction of the court to determine the issues thus formed. There was a judgment against his firm rendered in term time. He invoked the equitable powers of the court to relieve him from that judgment. Under the authorities, above cited, it was not enough to relieve him that plaintiff did not show that he authorized his partner to execute a warrant of attorney to confess judgment. Under the issues joined by the pleadings the court had no authority to relieve him if the judgment was for a firm debt for which he was liable. The note was evidence against him to establish a firm liability and a firm agreement to pay interest thereon at seven per cent per annum. (Walsh v. Lennon, 98 Ill. 27.) The oral proof also showed the debt was incurred by his express

authority; that he and his partner together received the avails of the loan, and that he afterward recognized it as a debt for which he was liable. Under such circumstances he could not be relieved from the judgment, but the evidence made a case for plaintiff, and the jury should not have been instructed to find for defendant.

The judgment is reversed and the cause remanded for a new trial.