State Bank of Clinton, Defendant in Error, v. Lucy J. Barnett, Plaintiff in Error.

1. JUDGMENTS—*presumptions indulged where entered by confession, in term time.* The same presumptions will be indulged in favor of a judgment by confession entered in term time upon a *cognovit*, as are indulged in the case of original judgments of courts of general jurisdiction.

2. JUDGMENTS—*when motion to set aside, entered by confession properly denied.* A motion to set aside a judgment entered by confession is addressed to the equitable discretion of the court and even though irregularities have intervened it may be denied if it appears that the amount represented by the judgment is due and that there is no defense upon the merits.

Judgment by confession. Error to the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

A. E. DE MANGE and EDWARD J. SWEENEY, for plaintiff in error.

HERRICK & HERRICK and LEMON & LEMON, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On July 29, 1907, being one of the days of the May term, 1907, of the Circuit Court of De Witt county, judgment was entered by confession in favor of the State Bank of Clinton against Lucy J. Barnett for $3236.93, upon two promissory notes bearing date December 30, 1902, for the sum of $1000 due six months after date, and $1394.89 due on demand respectively, each of which notes contained a warrant of attorney as follows:

"And to secure the payment of said amount we hereby authorize any attorney of any court of record to appear for us in such court in term time or vacation, at any time hereafter, and waive service of process, and confess judgment in favor of the holder of this note for such amount as may appear to be unpaid thereon; together with costs and $50 (fifty dollars) for attorney's fees to be included in said judgment. And we hereby jointly and severally waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby waiving all appeal in said cause and all advantage to which we may be entitled by virtue of the exemption laws of this State, or of any State or territory where judgment may be entered by virtue hereof; hereby ratifying and confirming all that said attorney may do by virtue hereof; and we hereby authorize the State Bank of Clinton to charge this note to the account of either of us at maturity, or at any time thereafter, with accrued interest thereon.

"Witness our hands and seals the day and year above written.

"W. A. Barnett,        (L. S.)
"Lucy J. Barnett.      (L. S.)"

To the declaration upon said notes a *cognovit* in the usual form was filed by William Booth as attorney for said defendant. The May term of said court adjourned on August 9, 1907.

At the following November term of said court, on November 11, 1907, said defendant filed her motion to vacate and set aside said judgment, on the ground that the same was entered without warrant or authority,

and that the court had no jurisdiction to enter the same for the reason that the powers of attorney attached to the notes upon which said judgment was entered were joint and not several nor joint and several, and because, by the death of W. A. Barnett, the other joint maker of said powers of attorney, which occurred in October, 1904, said powers of attorney ceased and determined and became null and void. The affidavit of the defendant averred the death of her husband, W. A. Barnett, on October 13, 1904, and that she was duly appointed administratrix of his estate, which estate was still pending for settlement in the County Court of DeWitt county; that on October 25, 1905, the plaintiff filed in said County Court its claim against the estate of the said W. A. Barnett for the full amount due upon the two said notes, and that judgment was entered thereon in said County Court against said estate on October 27, 1906; that the said judgment by confession here involved was rendered upon no other or different powers of attorney than those attached to said notes, and that the *cognovit* in said cause signed by William Booth was signed and filed therein without any authority from the defendant; that the said Booth was not at said time or at any time the attorney of the defendant and had no authority to enter her appearance in said cause or to waive the issuing and serving of process upon her, or to file any plea or pleas in said cause; that she had no notice or knowledge of said judgment until after the adjournment of the May term, 1907, of said Circuit Court. Upon the hearing of the motion to set aside and vacate said judgment the same was denied by the court and the defendant prosecutes this writ of error to reverse such ruling of the court.

In the view we are constrained to take of this case it may be conceded that the warrants of powers of attorney to confess judgment upon the notes in question were joint and not joint and several, and that they did not, therefore, authorize the rendition by the court

of a judgment by confession on said notes. The judgment in question was entered not in vacation, but in term time, and it has been held that the same presumption will be indulged in favor of a judgment by confession entered in term time upon a *cognovit*, as are indulged in the case of original judgments of courts of general jurisdiction. Farwell v. Huston, 151 Ill. 239; Boyles v. Chytraus, 175 Ill. 370. It will be observed that there is an entire absence of any claim on the part of the defendant that she was not in fact indebted to the plaintiff for the full amount of the notes, or that she had any defense to said notes either legal or equitable. While it has been held to be the settled doctrine in this State that the authority to confess a judgment without process, must be clear and explicit, and must be strictly pursued; and that if there is no power to enter the appearance of the debtor and confess the judgment such judgment is a nullity and binds no one, and may be attacked collaterally for want of jurisdiction in the court to render it. Weber v. Powers, 213 Ill. 370. In its practical application such doctrine has not been held to justify a court in setting aside and vacating a judgment by confession entered in term time, unless it was made to appear that the defendant had some defense to the merits. And this is so whether such judgment is attacked by a bill in equity or by motion in a court of law. The two remedies stand upon the same footing. In considering the purpose and scope of the remedy by motion in a court of law in Blake v. State Bank, 178 Ill. 182, it was said: "Such an application as this is addressed to the sound discretion of the court, and calls for the exercise of the equitable power of the court over its own judgments. A court of law being vested with such power, will not send a defendant against whom judgment has been entered by confession, to a court of equity for redress, but the power, whether exercised by a court of law or of equity, is an equitable one, to be governed by the same principles."

In Colson v. Leitch, 110 Ill. 508, it was held that a court of equity will not enjoin a judgment at law where there has been no service, unless it is alleged and proved that if the relief be granted a different result will be obtained than that already adjudged by the void judgment.

In Hier v. Kaufman, 134 Ill. 215, it was held that relief would not be granted upon motion if it appeared that the debtor owed the amount of the judgment and had no defense either legal or equitable to the debt for which the judgment was rendered. In Farwell v. Huston, *supra*, it was said: "This court has held, in a number of cases, that a court of law exercises an equitable jurisdiction over a judgment by confession; that if there is an absence of authority to confess, the debtor will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment before the court of law which rendered it; and that such court of law may open the judgment and permit the debtor to present his defense to the claim, if he has any, but will however protect the creditor by permitting the judgment to stand as security. Yet, such relief will not be granted, if it appears that the debtor owes the amount of the judgment and has no defense, either legal or equitable, to the debt for which the judgment is rendered." The same doctrine is an nounced in Packer v. Roberts, 140 Ill. 671; Mumford v. Tolman, 157 Ill. 258; Telford v. Brinkerhoff, 163 Ill. 439, and Reed v. New York Exchange Bank, 230 Ill. 50.

The case of Mayer v. Pick, 192 Ill. 561, mainly relied upon by counsel for defendant as sustaining their contention, holds that the warrant of attorney to confess judgment there under consideration was joint and not joint and several and is an authority in point upon that phase of the case at bar, but it further appeared in that case that the note upon which judgment was confessed did not become due until about seven months after the action was commenced, and it was

said: "There is no principle, legal or equitable, by which one may be required to pay money before it becomes due in accordance with his contract. A judicial determination so requiring would be in violation of the contract."

In Desnoyers Shoe Co. v. First Nat. Bank, 188 Ill. 312, the judgment by confession was entered in vacation. In Thompson v. Patek, 235 Ill. 341, it appeared that one of the judgment debtors had a complete defense to the merits, and the court expressly refrained from deciding that it was not necessary to show a meritorious defense in order to have a void judgment vacated. This case, therefore, cannot be regarded as overruling the several former cases heretofore cited.

The action of the Circuit Court in denying the motion to set aside and vacate the judgment was proper and will be affirmed.

*Affirmed.*

Mr. Justice PHILBRICK took no part.