20

The Alton Banking & Trust Company, Appellee, v.
W. G. Gray et al., Appellants.

Heard in this court at the May term, 1929. Opinion filed June 25, 1930. Rehearing denied October 28, 1930.

WM. P. BOYNTON, for appellants.

J. P. STREUBER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee procured a judgment by confession, in term time, at the May Term 1928 of the city court. At the same term of court appellants' motion to set aside and vacate the judgment, as to them, was filed and at a subsequent term was overruled and they appealed to this court.

Their contention is that they never signed a warrant of attorney and by reason thereof the court was without jurisdiction as to them. The note and warrant of attorney have not been preserved in the bill of exceptions. Where a judgment by confession is entered in term time the note and warrant of attorney are not a part of the record unless preserved in a bill of exceptions. *Davis v. Wirth,* 249 Ill. App. 544; *Davis v. Mosbacher,* 252 Ill. App. 536. In the case at bar the note and warrant of attorney, not being so preserved, cannot be considered even though the clerk has copied the same into the transcript of the common-law record. *People v. Faulkner,* 248 Ill. 158.

While this point has not been raised by appellee, yet if we should consider the note and warrant of attorney as properly before this court and should reverse the judgment of the trial court, it would seem that appellee could raise the question in the Supreme Court. *Hartford Fire Ins. Co. v. Peterson,* 209 Ill. 112; *Mulvihill v. Shaffer,* 297 Ill. 549; *Becker v. Billings,* 304 Ill. 190.

In the state of the record the judgment must be affirmed.

ADDITIONAL OPINION ON PETITION FOR REHEARING

PER CURIAM.   Appellants presented their petition for rehearing and with it a motion for leave to file a transcript of the record of an amendment to the bill of exceptions.   The transcript simply states that the court found, from an inspection of the records and files in the case, that a certain note and warrant of attorney therein set out, are now in the files and were omitted from the original bill of exceptions, and the bill of exceptions is amended to include the same.   Neither this transcript nor the original transcript of the bill of exceptions shows that the said note and warrant of attorney were offered in evidence on the hearing of appellants' motion to vacate the judgment, nor is there any showing that they contain all the evidence submitted to the court on that hearing.   The judgment was rendered in term time and all presumptions are in favor of its validity.   *Boyles v. Chytraus*, 175 Ill. 370.   Even if the additional transcript were filed we could not presume that the note and warrant of attorney were offered in evidence and that no other evidence was heard by the court.   It would be our duty to presume that there was sufficient evidence to support the court's ruling.   The motion for leave to file the additional transcript is denied.

Appellants' motion to vacate the judgment was not verified or supported by affidavit.   It did not attempt to show that appellants had a legal or equitable defense to the debt on which the judgment was rendered.   They contend that it was unnecessary for them to show a meritorious defense because they signed no warrant of attorney, and they say they have a right to demand that all remedies be first exhausted against the maker of the note before calling upon them as guarantors for payment.   They guaranteed the payment of the note at maturity, and are original promisors and could be sued upon the maker's failure to pay the note when due.   Their liability is not dependent upon the prosecution

of a suit against the makers. *Beebe v. Kirkpatrick,*
321 Ill. 612.

A motion to set aside a judgment confessed in term
time, appeals to the equitable jurisdiction of the court
and even though the power of attorney was insufficient
to give the court jurisdiction of the defendants, the
judgment will not be set aside unless it is shown that
the defendants had a legal or equitable defense to the
debt for which the judgment was rendered. *Hier v.
Kaufman,* 134 Ill. 215–225; *Farwell v. Huston,* 151 Ill.
239–246; *State Bank of Clinton v. Barnett,* 151 Ill.
App. 79; *Pierson v. Linn,* 101 Ill. App. 624; *Berg v.
Commercial Nat. Bank,* 84 Ill. App. 614; *Cassem v.
Brown,* 74 Ill. App. 346. The rule is otherwise where
a judgment has been confessed in vacation. *Desnoyers
Shoe Co. v. First Nat. Bank,* 188 Ill. 312. The petition
for rehearing is denied.