The People of the State of Illinois, Defendant in Error,
v. Louis Van Acker, Plaintiff in Error.

Gen. No. 8,402.

Heard in this court at the
October term, 1931. Opinion filed February 18, 1932.

Thos. P. Sinnett, for plaintiff in error.

Benjamin S. Bell, State's Attorney, for defendant
in error; Dan H. McNeal, of counsel.

Mr. Justice Baldwin delivered the opinion of the court.

This case arises from the filing of an information consisting of four counts by the State's attorney in the county court of Rock Island against Louis Van Acker, Odiel Oliver and John Doe, an unknown man, described in said information.

The first count of the information charged that the defendants named therein did on or about April 18, 1930, in the county of Rock Island, unlawfully possess intoxicating liquor, and in the second count it was charged that said defendants did unlawfully sell intoxicating liquor, and the fourth and fifth counts were based upon the statute relative to the maintenance of a common nuisance, being a place where intoxicating liquors were sold.

Louis Van Acker was the only defendant arrested and consequently was the only one placed on trial. He was convicted under the first and second counts of the information and after motions for a new trial and in arrest of judgment had been disposed of, a judgment was rendered upon the verdict of guilty by the jury and the defendant was sentenced on each count for 90 days' imprisonment, etc.

A number of reasons are assigned by the plaintiff in error for a reversal of the judgment, among them being that the jury found the defendant guilty on the first and second counts and rendered no finding on the other counts of the information. Defendant contends that the verdict is so inconsistent and incomplete that a valid and legal judgment and sentence could not have been entered thereon.

The jury found the defendant guilty of unlawfully possessing and of selling liquor under counts one and two which had the effect of a verdict of not guilty of maintaining a place where liquor was kept or sold as set forth in the other two counts. It may be that the unlawful possession or selling of liquor may be an

essential element of the crime of maintaining a place where liquor is sold; but the reverse of that is not true. Our decision to this effect is swayed by the better considered cases upon the question and it has been held by those cases that where a defendant is charged in different counts with different crimes and is convicted on some counts and acquitted on others, where the evidence warrants a "guilty" verdict, such a verdict is not invalidated by reason of the apparent inconsistency thereby arising. *Gozner v. United States,* 9 F. (2d) 603; *Carrignan v. United States,* 290 Fed. 189.

The jury may have believed that the defendant did not maintain a place as required in section 21 of the Prohibition Act, Cahill's St. ch. 43, ¶ 21, and yet was guilty of possession and selling.

Then there are respectable courts, as we believe with the weight of authority, which hold that a conviction for illegally possessing and selling is not inconsistent with an acquittal on the charge of maintaining a nuisance, etc. *Bilboa v. United States,* 287 Fed. 125.

Therefore, we cannot subscribe to the contention of the defendant upon this point.

It is next insisted that the information as filed and sworn to does not meet with the legal requirements of our State. The oaths of the parties sworn to the information were administered by S. T. Burnett, clerk of the district court of the United States for the southern district of Illinois at Springfield, Illinois. Springfield, Illinois, is in Sangamon county and the counties of Rock Island and Sangamon, they being the respective counties in which the affidavit was made and in which the trial was held, are a part of the southern district of Illinois, a federal district in the State of Illinois, and Mr. Burnett is the clerk of the United States district court which has jurisdiction for federal offenses in the southern district of Illinois. The United States Judicial Code, sec. 525, gives authority to clerks

of federal courts to administer oaths and it is the duty of all of the State courts of Illinois to take judicial notice of all federal courts and of their officials either elected or appointed, operating within the limits of the State, as well as the duties of those officials. Defendant cites, among other cases, *Desnoyers Shoe Co. v. First Nat. Bank,* 188 Ill. 312, as authority for the proposition contended for by him in this respect; but in our judgment that case does not sustain his contention. The cited case related to the validity of an oath taken before a notary public of a foreign State and his jurat did not state that he was duly authorized to administer oaths. By the general law merchant a notary public did not have power to administer oaths unless conferred by statute and that authority must be proven. *Keefer v. Mason,* 36 Ill. 406.

The contention of defendant that there cannot be a conviction for possessing intoxicating liquor and also a sale of the same intoxicating liquor where the possession is a mere incident to the sale thereof is easily disposed of by referring to the case of *Albrecht v. United States,* 273 U. S. 1, where the court held, "The fact that the person sells the liquor which he possessed does not render the possession and sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

Defendant contends that error arose out of the instruction of the court as to the form of verdict, claiming that the jury had no alternative but to find defendant guilty under some count.

We cannot agree with him. The instruction was phrased in apt words and the average jury would not be misled thereby.

Finally, the defendant claims there was not sufficient evidence in the record upon which to base a verdict of

guilty. It was the theory of the State that the liquor was possessed and sold by the defendant's servant with the defendant's knowledge and consent. This theory, if sustained by sufficient proof, is a proper one. *People v. Duchow,* 331 Ill. 636.

We have examined the record and read the evidence and we are of the opinion that, if the jury believed the testimony offered on the part of the People, after having heard the defendant's testimony, then the jury had the right to make the finding it did.

In view of what is disclosed by the record, and our views thereon as herein expressed, the judgment of the county court of Rock Island county in this case should be and the same is hereby affirmed.

*Judgment affirmed.*