## PROBST v. COWEN et al.

(Circuit Court, S. D. Ohio, E. D. December 17, 1898.)

### No. 900.

**1. REMOVAL OF CAUSES—BOND—SUFFICIENCY OF SURETY.**
It is not necessary that the residence and sufficiency of the surety on the removal bond should appear in the record, in order to sustain the jurisdiction of the federal court. In the absence of anything to show that the surety was a resident of the state in which the suit was pending, or of any action by the state court accepting or refusing to accept him as surety, the statement of the petition for removal that the petitioners "have made and herewith file a bond with good and sufficient surety" must be accepted as true, until the contrary is shown.

**2. SAME.**
The fact that the surety on a removal bond, contrary to a rule of practice of the state court, was an attorney at law, cannot be considered on a motion to remand; for it was competent for the state court to accept him as surety notwithstanding such rule.

**3. SAME—APPROVAL OF PETITION AND BOND—PRESUMPTIONS.**
On a record showing that a petition and bond were filed in the state court, and that subsequently a motion was made to strike the petition from the files, but not showing that any action was ever had on such motion, though other entries were afterwards made in the cause, it cannot be assumed that the petition and bond were never presented to the state court for approval.

**4. SAME—DIVERSE CITIZENSHIP—NEW PARTIES.**
If a sufficient petition and bond are duly filed, then the cause is thereby removed, and the subsequent filing in the state court of an amended pleading, making a new party defendant, who is a resident of the same state with plaintiff, cannot affect the jurisdiction of the federal court.

**5. SAME—DEFECTIVE RECORD.**
Alleged incompleteness of the record, in that it fails to show the action of the court in overruling a certain motion, is no ground for remanding the cause. The proper remedy is by suggestion of a diminution of the record.

This was a suit by William Probst, a minor, etc., against John K. Cowen and Oscar G. Murry, receivers, etc. The case was heard on a motion to remand to the state court from which it was removed by the defendants.

Edward D. Howard, for plaintiff.
J. H. Collins, for defendants.

THOMPSON, District Judge (orally). This case is presented to the court on a motion to remand it to the court of common pleas of Franklin county, Ohio, from which it was removed to this court, "on the ground that this court is without jurisdiction to hear and determine the cause." The record of this cause in the state court, a transcript of which has been filed here, shows that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and that the plaintiff is a citizen of the state of Ohio and that the defendants are citizens of the state of Maryland. But it is complained:

1. That the record does not show that the surety on the bond filed with the petition for removal is a resident of Ohio, or that he is good and sufficient, and does show that he is an attorney at law. The bond is in the usual form, and conditioned as the law requires; but it is

claimed, in the absence of the acceptance of the bond by the state court (and none is shown by the record), it must appear from the record that the surety is a resident of the state of Ohio, and is good and sufficient, before this court can obtain jurisdiction of the cause. And it is further claimed that under rule 2 of the rules of practice in the state court, of which this court must take judicial notice, an attorney at law cannot be accepted as surety. As held by the supreme court of the United States in Ayers v. Watson, 113 U. S. 594, 5 Sup. Ct. 641, these matters are modal and formal, and not jurisdictional. They relate ·to the method of obtaining a removal of a cause, and not to the grounds upon which the removal may be made. The grounds for which a cause may be removed must appear, not only in the record, but in the original petition, and cannot be supplied by the averments of the petition for removal, but it is not necessary that the residence and sufficiency of the surety should appear in the record, to sustain the jurisdiction. It is essential, however, in order to obtain the removal of a cause, that a bond, conditioned as the law requires, should be filed within the time prescribed by the statute, and that the surety thereon should be good and sufficient; and the only question here is as to how these facts should be shown.

It is stated in the petition for removal that:

"Your petitioners have made and herewith file a bond, with good and sufficient surety, for their entering in the said circuit court of the United States for the district of Ohio aforesaid, on the first day of the next session, a copy of the record in this suit, and for paying all costs that may be awarded by the said circuit court, if said court shall hold that this suit was wrongfully or improperly removed thereto."

And there being nothing in the record to show that the surety is not a resident of the state of Ohio, or that he is not good and sufficient, and in the absence of any action by the state court accepting or refusing to accept him as surety, it seems to me that for the purposes of this motion that allegation must be taken as true.

The position of counsel for the plaintiff is that unless it is shown in the record that the surety is a resident of Ohio, and that he is good and sufficient, the removal is not accomplished, and the motion to remand should be sustained. But the ruling of the court is that, no disqualification of the surety in these respects being shown by the record, it will be presumed that he is such resident, and is good and sufficient, until the contrary is made to appear, and that the motion to remand ought not to be sustained on this ground.

The objection to the surety on the ground that he is an attorney at law cannot be considered here. It was competent for the state court to accept him as surety, notwithstanding the rule of practice referred to; and, in the absence of any action by the state court rejecting him upon that ground, the objection will not be entertained. This is not such a case as the one cited by counsel, where by law attorneys were rendered ineligible as sureties. It is competent for a court to change or vacate its rules of practice, or to except a particular case from the operation thereof. It should be noted that the plaintiff does not claim that the surety was in fact a nonresident of the state, or that he was not good and sufficient in any other respect than that,

as an attorney, he was ineligible under the rules of practice of the state court.

2. It is complained in the second place that neither the petition for removal nor the bond were ever presented to the state court for approval, and this is remandable error. The record does not show this to be true. On the contrary, the record shows that the petition and bond were filed in the state court on the 25th of August, 1898, and that on the 27th of September, 1898, a motion was filed in the state court by the plaintiff to strike the petition from the files because a good and sufficient bond was not filed; and, so far as we are advised by the record, no action was ever taken on this motion, although the record shows that entries were made in the cause in the state court as late as October 28, 1898. We cannot assume, upon this record, that the petition and bond were never presented to the state court.

3. Again, it is claimed that on the 27th of September, 1898, an amended petition was filed in the state court making a new defendant, who is a resident of the state of Ohio, and that the cause is no longer removable on the ground of diverse citizenship. If the bond and petition for removal were sufficient,—and for the purposes of this motion they are assumed to be so,—then the cause was removed to this court before the filing of the amended petition, and the jurisdiction of this court cannot be affected thereby.

4. It is claimed that the transcript of the record filed here is not complete, because it does not show alleged action of the state court in overruling a certain motion. This objection should be made by a suggestion of a diminution of the record, and not by motion to remand the cause to the state court. Possibly, however, an objection to the transcript does appear on the face of the record, or rather in the certificate of the clerk, who certifies "that the above and foregoing is truly taken and copied from the original papers now on file in my office." This certificate would exclude copies of entries on the journals of the court, which properly constitute a part of the record. This, however, could be covered by a suggestion of a diminution of the record, and would not justify this court in remanding the cause.

I am of the opinion that, upon the face of the record, no cause is shown making it the duty of the court to remand this cause to the state court; but if, as a matter of fact, the surety is not good and sufficient, and the petition for removal, having been filed in vacation, has never been presented to the state court, and that court has had no opportunity to pass upon the sufficiency of the petition for removal or the bond, these facts should be presented by a plea in abatement, and might make a case requiring the remanding of the cause. It is not the province of the court, however, to advise what course should be pursued, or to suggest what relief such a plea might require if sustained. All questions upon the hearing of such a plea, as to whether the cause should be remanded or amendments be allowed, must be determined when they arise. Fox v. Railway Co., 80 Fed. 945; Black, Dill. Rem. Causes, § 215.