## MILLER v. SOULE et al.

### (District Court, E. D. Pennsylvania. March 30, 1915.)

### No. 1389.

1. REMOVAL OF CAUSES ☜86—NONRESIDENCE OF DEFENDANT—ALLEGATION IN PETITION OF REMOVAL.

A petition by defendant for removal to a federal court of a cause in a Pennsylvania state court, which avers that it is a resident of New Jersey, is sufficient under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), authorizing removal by defendant, "being a nonresident" of the state, where the record of the state court clearly shows the fact both of the New Jersey residence of defendant and nonresidence in Pennsylvania.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. ☜86.]

2. REMOVAL OF CAUSES ☜86—GROUNDS—PROCEDURE.

To authorize removal of a cause from a state to a federal court, the facts on which the right is based must exist, and they must be alleged of record through appropriate pleadings, accompanied by the formalities prescribed by law.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. ☜86.]

3. REMOVAL OF CAUSES ☜95—GROUNDS—PROCEDURE.

Where jurisdictional facts authorizing removal of a cause from a state to a federal court exist and are properly pleaded, and all the requirements of the law are met, the cause is in contemplation of law removed, and further proceedings in the state court are void, for the cause is ipso facto removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204, 205; Dec. Dig. ☜95.]

4. COURTS ☜508—REMOVAL OF CAUSE—EXERCISE OF JURISDICTION BY STATE COURT—INJUNCTION BY FEDERAL COURT.

Where plaintiff proceeds with a case in the state court, notwithstanding removal thereof by defendant properly pleading jurisdictional facts for removal and complying with the statutory requirements, defendant may by suit in federal courts enjoin plaintiff from the prosecution of the case in the state court, and thereby procure a determination of the question of the right of removal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. ☜508.]

5. REMOVAL OF CAUSES ☜97—PROCEDURE—EXERCISE OF JURISDICTION BY STATE COURT.

Where a state court proceeds with a case notwithstanding proper procedure for removal to the federal court, and the federal court likewise proceeds with the case, and both courts render final judgments, both cases may reach on appeal the federal Supreme Court, which will then determine the question of jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 206, 208–211; Dec. Dig. ☜97.]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**6. REMOVAL OF CAUSES ☞89—CITIZENSHIP OF PARTIES—ISSUES OF FACT.**

Questions of the diversity of citizenship as ground for removal of a cause from a state to a federal court must be determined by the District Court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. ☞89.]

**7. REMOVAL OF CAUSES ☞89—RIGHT OF REMOVAL—ISSUES.**

Where the question of the right to remove an action from a state to a federal court is one of law on the facts in the record, it must be determined on the record as at the time of the filing of the petition for removal, and no grounds of jurisdiction not set forth in the petition can be introduced by amendment allowed in the District Court, though, where sufficient grounds for removal appear from the record, amendments may be allowed as to matters merely formal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. ☞89.]

**8. REMOVAL OF CAUSES ☞89, 95—RIGHT OF REMOVAL—ISSUES.**

Whether a cause is removable from a state to a federal court depends on the whole state of the record, and the conclusion must first be drawn by the state court, which need not surrender jurisdiction, unless the cause is removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201, 204, 205; Dec. Dig. ☞89, 95.]

**9. REMOVAL OF CAUSES ☞89—RIGHT OF REMOVAL—ISSUES.**

The right to remove a cause to a federal court when the state court refuses to surrender jurisdiction must be determined as a matter of strict right, depending on the record as it was when the petition for removal was presented.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. ☞89.]

**10. REMOVAL OF CAUSES ☞107—REMAND TO STATE COURT—EXISTENCE OF JURISDICTIONAL FACTS.**

Where a state court removes a cause to a federal court, and a motion to remand is made in the federal court, the federal court must remand the case, where the jurisdiction of the federal court does not in fact exist, or where the jurisdictional facts are not shown by the record as at the time of the filing of the petition; but where jurisdiction of the federal court exists, and the grounds of jurisdiction appear of record as of the filing of the petition, the proceedings may be amended by amplifying the statement of facts governing the grounds supporting jurisdiction in matters not of formal procedure only.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ☞107.]

**11. REMOVAL OF CAUSES ☞103—REMAND TO STATE COURT.**

A state court need not remove a cause to a federal court, unless defendant, applying for removal, presents a proper bond; but, after removal, the cause will not be remanded merely because the bond does not conform to the federal statute, in the absence of any specific objection to the bond in the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 221; Dec. Dig. ☞103.]

**12. REMOVAL OF CAUSES ☞103—REMAND TO STATE COURT—GROUNDS—RECORD.**

That a state court, removing a cause to a federal court, transferred to the federal court the original papers filed in the state court, and not copies

thereof, as required by Judicial Code, § 29, is not ground for remanding the cause to the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. ☜103.]

13. REMOVAL OF CAUSES ☜103—REMAND TO STATE COURT—GROUNDS—RECORD.
That the entire record on the removal of a cause to the federal court has not been returned, in that the bond accompanying the petition for removal is not in the record as returned, is not ground for remanding the cause to the state court; but the party complaining may obtain relief by mandamus or certiorari.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. ☜103.]

In Equity. Suit by John A. Miller against Frank M. Soule and others. Motion to remand cause to state court disallowed.

Kirkpatrick & Maxwell, of Easton, Pa., for plaintiff.

Smith, Paff & Laub, of Easton, Pa., and Frank P. Prichard, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This case originated in a bill filed in the court of common pleas of Northampton county, Pa., sitting in equity. A petition for removal was filed by the defendants within the time limited by law, together with a bond. On this petition the state court made an order, based upon a finding that the petitioners had complied with all the requirements of the statute, directing that no further proceedings be taken in the cause and that it be removed to this court as provided by law. To this order the plaintiff entered an objection. The prothonotary of said court of common pleas thereupon made up and certified a copy of the record. The petition for and order of removal was filed and made February 1st, and the above certificate and what purports to be the record was filed in this court on March 1, 1915. The plaintiff thereupon filed in this court a motion to remand the cause to the court from which it was transferred. The general ground for removal is that the proceedings are irregular, and not in conformity with the requirements of the acts of Congress, and not effective to justify the removal. In order to save repetition, the specific grounds for remanding set forth will be stated in connection with their discussion.

[1] Paragraph 9 of the motion avers a noncompliance with the provisions of the Judicial Code, in that there is no proper averment of diverse citizenship, due to the omission to state that the defendants are nonresidents of the state of Pennsylvania. The provision of the Judicial Code is that a cause may be removed by the defendants therein, they "being nonresidents of that state." The averment in the present petition for removal is that the defendants are "residents of the" state of New Jersey. The argument in support of the motion to remand is based upon the proposition that the petition must comply with the statute by positive averments, which leave nothing to inference, and that an averment that the defendants are residents of New Jersey is not a positive, but an inferential, averment that they are nonresidents of Pennsylvania. This argument is supported by the ruling in Fife v.

Whittell (C. C.) 102 Fed. 537. Judicial sanction is also found for the opposing view in the cases of Zebert v. Hunt (C. C.) 108 Fed. 449, and Lawrence v. Railroad (C. C.) 165 Fed. 241.

The reasoning upon which these latter rulings are based has our acceptance. Jurisdiction depends upon a fact. The fact, it is true, being a jurisdictional fact, should appear. The fact, however, for its expression is not limited to any mere formal verbiage, and it is difficult to accept the thought of residence in one place without excluding the thought of residence elsewhere. So far as affects the instant case the record of the state court makes clear the fact both of the New Jersey residence of the defendants and their nonresidence in Pennsylvania, because this fact was made the basis of an application for extraterritorial service. The petition for removal in the present case can therefore be upheld in this particular without conflict with the ruling in Fife v. Whittell.

Another ground for remanding is advanced in the second and fourth paragraphs of the motion. Section 29 of the Judicial Code requires the filing of a bond, with condition that the record of the cause in the state court shall be entered in this court within 30 days from the date of the filing of the petition. The provision in force before the enactment of the present Code was that the condition of the bond should be that the record would be entered before the first day of the then next session of this court. The bond in the present case followed the language of the old Code. It happens to be the fact, however, that the record was entered here within 30 days. Counsel for plaintiff, in support of this ground for remanding, cites the case of Missouri Ry. Co. v. Chappel (D. C.) 206 Fed. 688.

[2-4] Some general observations may be here interpolated in order to throw light upon this feature of the discussion and to shorten that bearing upon the other grounds for remanding relied upon. It is, of course, undeniable that proceedings in the state court may be flagged and the cause removed to the courts of the United States, to be there disposed of, when the jurisdictional facts for such procedure exist. It is equally clear, however, that the jurisdictional facts must have a pleading as well as an actual existence. The laws of the United States not only give the right of removal, but prescribe the procedure under which the right must be pursued. These forms of procedure it is likewise evident must be followed. Before any one can lay claim to a removal as a right, the facts upon which that right is based must exist. They must further be alleged of record through appropriate pleadings, and must be accompanied by all the formalities which the procedure provisions of the law require. The law, of course, contemplates that where there is the conjunction of all these things that the proceedings will end in the state court and the cause be proceeded with in the courts of the United States to final determination. After this transfer has been perfected, however, should it transpire to the satisfaction of the court to which the cause has been thus transferred that for any reason the courts of the United States do not have jurisdiction to try the case, it should then be remanded to the court from which transferred.

Where the jurisdictional facts exist and are properly pleaded, and all the requirements of the law are met, the legal consequence is that the cause is in contemplation of law removed, and thereafter all further proceedings in the state court become null and void. In this sense the workings of the system are automatic and the cause is ipso facto removed. It is easily possible, however, that there may be a difference of opinion between the parties, or indeed between the courts of the state and of the United States, whether this legal consequence in a given case follows. It is supposable that a party plaintiff, for instance, may dispute the removability of the cause and deny the legal conclusion above stated. In such a case certain events may follow and certain consequences flow. The plaintiff may proceed with his cause in the state court, or attempt to do so. Such action on his part in the state court may be met by a counter action by the defendant in the courts of the United States, seeking to enjoin the plaintiff from the further prosecution of his case in the state court. In this supposed condition of things the direct question of the right of the defendant to have the cause removed is raised and will be determined. Madisonville v. St. Bernard, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462. It is, however, equally supposable, as is indeed the case here, that this method of raising the question of the right of removal will not be resorted to, but the state court will acquiesce in the removal, and the custodian of its records certify the record of the case for transfer, and the same in fact be transferred to the District Court, and the plaintiff, as is again the case here, raise the question of the right of removal by a motion to remand or by a plea to the jurisdiction.

[5] A third case may be supposed, in which the courts differ as to the proper legal judgment to be pronounced upon the facts as they appear of record, in which event the state court may proceed without interference to a final judgment, and the case may be likewise docketed in the District Court and there proceeded with to final judgment. Each and both of those cases may reach on appeal the Supreme Court of the United States, which will then determine the proper conclusion as to jurisdiction.

[6, 7] Still again a fourth case is supposable, in which, on the face of the record facts, the cause may be admittedly removable, but the fact of diverse citizenship, for instance, be in dispute. No legal conclusion can be reached as to jurisdiction until the fact upon which it rests is determined, and that fact must be determined by one or the other of the courts concerned. It is settled that the court to determine this fact is the District Court. Burlington v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159. Where the issue is one of law upon the facts as they appear of record, it must be determined upon the state of the record as it was at the time of petition filed, and no grounds of jurisdiction not set forth in the petition can be introduced upon the record by an amendment allowed in the District Court. Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154, 32 L. Ed. 132; Crehore v. Railroad Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144. But if sufficient grounds for removal appear from the whole record, amendments may be allowed as to matters which are

merely modal or formal.    Powers v. Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673.

[8-10] The principles of law to be extracted from the cases are that, as already stated, the question of whether a cause is removable is a legal conclusion, to be drawn from the whole state of the record; that this conclusion is to be drawn in the first instance by the state court, which is not bound to surrender its jurisdiction unless the cause is a removable one; that if the question is raised directly in any form, which is presented through the refusal of the state court to surrender its jurisdiction, the question is to be determined as a matter of strict right, depending upon the record as it was when the petition was presented; that if the state court surrenders jurisdiction, and the question is raised by a motion in the District Court to remand, if the jurisdiction of the latter does not in fact exist, or if the jurisdictional facts are not shown by the record as it was at the time of the petition filed, the cause should be remanded to the state court; but if the jurisdiction does in fact exist, and the grounds of jurisdiction do appear of record as of the date of petition filed, the proceedings may be amended by amplifying the statement of the facts which govern the grounds supporting the jurisdiction, and in matters not of jurisdiction, but of formal procedure only.

[11] This is a long prelude to the inquiry to which the question now under discussion leads. It may be premised that the giving of a bond, like the filing of the petition within the required time, is not a ground of jurisdiction, but a part of the method of procedure, and it may be further added that the requirement is the giving of a bond containing a certain condition and "with good and sufficient surety," and that in this case the state court found the petitioner to have complied with this as well as all the other formal requirements of the act of Congress, although the further fact likewise is that the condition of the bond is a different condition from that required by the act of Congress now in force. It is clear, as was ruled in the Chappell Case above cited, that the state court is not bound to surrender its jurisdiction, and that a defendant is not entitled as a matter of right to compel the removal of the cause unless, among other things, a proper bond has been filed; but it has been held that the filing of such a bond as was filed in this case is not a sufficient reason for remanding the cause to the state court. Chase v. Erhardt (D. C.) 198 Fed. 305; Probst v. Cowen (C. C.) 91 Fed. 929. The reasons for the distinction thus made between the rulings in the Chappell Case and those in the cases last cited seem satisfying. Where a defendant stands upon his rights, the recognition of which he is seeking to enforce, he must comply with all the conditions upon which his right depends; but, after a cause has once been removed, there does not seem to be any justifiable reason for remanding it because of some failure to comply with a formality which could easily and readily have been supplied, if attention had been called to it, and which is absolutely without practical value at the time the motion to remand is made.

The plaintiff entered a general objection in the state court to the action of that court in remanding this cause. There was at the time,

however, no specific objection to the form of the condition of the bond, nor was its failure to comply with the act of Congress pointed out to that court. If it had been, it is fair to suppose that the defendant would have filed with his petition a bond in conformity with the statute, or that the state court would have refused to surrender its jurisdiction of the case.

The conclusion reached is that, if the cause had proceeded in the state court with no other bond than the one as filed, the defendants could not have enforced the removal of the case; but, the state court having surrendered its jurisdiction and the case having in fact been removed, the grounds of the demand now to have it remanded have been reduced to a mere shadow, and the remanding would be to deprive the defendants of the opportunity to do what at the time of the filing of their petition they might, and beyond all practical doubt would, have done—submitted with their petition a proper bond.

[12] The considerations which move us to regard the objections to the bond as not a sufficient reason for remanding the case lead to the same conclusion with respect to the remaining grounds of the motion. The point that the prothonotary of the court of common pleas has not certified a copy of the record as called for by section 29 of the act of Congress of March 3, 1911, is based, as we understand it, upon the fact that he has returned with his certificate the original papers themselves which were filed in the state court, and not "copies" of them. In so doing the prothonotary was doubtless following the practice which pertains in Pennsylvania, where cases are removed from the county courts to the appellate courts of the state. In such cases the prothonotaries certify a copy of the docket entries from the continuance or appearance docket, which contains a record of the case, and attach to this the originals of all the papers filed in the cause. Apparently, this is what has been done in this case.

[13] The complaint that the entire record has not been returned, in that the bond accompanying the petition for removal cannot be found in the record as returned, is of like tenor, and may be disposed of by the same observation, which is that complaints of this character are really complaints of diminution of the record, and for whatever injury this is to any party concerned there is an appropriate remedy by mandamus or certiorari, and the necessity of remanding the cause on this ground is not involved.

The objections to the form of the notice are also without avail as a grounds for a remand.

For these reasons, the motion to remand is disallowed.