12 F.(2d)—6

# HERBERT v. ROXANA PETROLEUM CORPORATION.

(District Court, E. D., Illinois.)

1. **Removal of causes ⊂⇒47—Averment that plaintiff is resident and citizen of Illinois and defendant corporation of Virginia is sufficient averment of diversity of citizenship.**

Averment in petition for removal that plaintiff at time of commencement of action was and still is resident and citizen of Illinois, and that defendant at such times was corporation of Virginia, *held* sufficient averment of diversity of citizenship.

2. **Removal of causes ⊂⇒88—Bond for removal, signed by surety and defendant's attorneys, held sufficient.**

Bond for removal to federal court, signed by surety and by attorneys for defendant, *held* sufficient execution of bond, notwithstanding there was no proof of attorneys' authority to sign for defendant.

3. **Removal of causes ⊂⇒88—Bond for removal of cause need not be acknowledged.**

That acknowledgment to bond for removal to federal District Court was before notary public of another state, without proof of authority to take acknowledgments is immaterial, as there is no requirement that bond be acknowledged.

4. **Removal of causes ⊂⇒89(1)—Fact on which right of removal of cause is based must exist, and be alleged of record through appropriate pleadings, accompanied by formalities prescribed by law.**

To authorize removal of a cause facts on which the right is based must exist, and they must be alleged of record through appropriate pleadings, accompanied by formalities prescribed by law.

5. **Removal of causes ⊂⇒107(5).**

Right of removal must be determined on record as of time of filing petition for removal.

6. **Pleading ⊂⇒301(1).**

"Verification" is confirmation of correctness, truth, or authenticity of pleading or other paper by affidavit, oath, or deposition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Verification—Verify.]

7. **Oath ⊂⇒2.**

An oath, to be effective, must be administered by some officer authorized by law to administer oaths.

8. **Evidence ⊂⇒35.**

Courts of any one state cannot take judicial notice of statute of another state conferring power to administer oaths.

9. **Affidavits ⊂⇒14—Affidavit taken outside state cannot be received in court, until shown that person before whom it was taken was authorized.**

Affidavit taken outside state cannot be received in court as affidavit, until it is shown that person before whom it was taken was authorized to perform such act.

**10. Affidavits** ⊚➡14.

Affidavits taken before officers in foreign jurisdictions, whose qualifications are not shown, must be treated as nullities.

**11. Affidavits** ⊚➡14—**Motion to remove was rightfully denied, on petition verified before notary public of another state without proof of authority (Judicial Code, § 29 [Comp. St. § 1011]).**

Under Judicial Code, § 29 (Comp. St. § 1011), requiring petitions for removal to be verified, petition verified before notary public of another state without proof of authority was not duly verified, and motion to remove was rightfully denied.

**12. Removal of causes** ⊚➡76—**Where plaintiff, on filing of defective petition to remove, reduced alleged damages to less than jurisdictional amount, nothing thereafter done by defendant could change situation.**

Where defendant's petition to remove was defective and plaintiff immediately amended, reducing alleged damages to less than jurisdictional amount, nothing that defendant thereafter did could change situation.

At Law. Action by Owen D. Herbert against the Roxana Petroleum Corporation, brought in the circuit court of Jefferson county, Ill., wherein defendant filed petition and bond for removal to the United States District Court. On plaintiff's motion to remand to state court. Motion granted.

Neil H. Thompson, of Mt. Vernon, Ill., for plaintiff.

Koerner, Fahey & Young, of St. Louis, Mo., for defendant.

LINDLEY, District Judge. Plaintiff brought an action of trespass on the case against defendant in the circuit court of Jefferson county, Ill., alleging damages in the sum of $15,000. Defendant within the time required by law gave notice of and filed a petition and bond for removal to this court. The circuit court sustained the objections of the plaintiff thereto and denied the petition. Plaintiff thereupon amended his declaration, by reducing the amount of damages to less than that necessary to confer federal jurisdiction. Defendant thereupon filed in the circuit court its general issue, and in this court a transcript of the entire proceedings. Plaintiff now moves to remand the cause.

[1] The petition averred that plaintiff was at the time of the commencement of the action and still is a resident and citizen of the state of Illinois, and that defendant was at each of the same times and still is a corporation organized under the laws of the state of Virginia and a citizen of said state. This was a sufficient averment of the diversity of citizenship. Shattuck v. N. B. & M. Insur-

ance Co., 58 F. 609, 7 C. C. A. 386; Paul v. Va., 8 Wall. 168, 19 L. Ed. 357; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 F. 14, 84 C. C. A. 167; Myers et al. v. Murray Nelson & Co. (C. C.) 43 F. 695, 11 L. R. A. 216.

[2] The bond was executed under seal by a surety company, shown to be authorized to transact business in Illinois, through its agent, shown by certified copy of power of attorney to be authorized to execute such bonds on behalf of his principal. The surety's corporate seal was attached. The defendant did not sign the bond, but its attorneys did; there being no proof of their authority so to do. This was sufficient execution of the bond, as under the law the principal is not required to execute the bond. Groton Bridge & Mfg. Co. v. American Bridge Co. (C. C.) 137 F. 284. This case is quite generally approved.

[3] The acknowledgment to the bond was before a purported notary public of St. Louis, Mo., without any proof of his authority to take acknowledgments. This fact is immaterial, as there is no requirement in the Removal Act that the bond be acknowledged. An acknowledgment is only additional proof of execution of cumulative character.

[4, 5] The serious complaint of plaintiff is as to the verification of the petition as to removal, which was sworn to before a purported notary public of Missouri. The record discloses no evidence of his authority to administer oaths. To authorize removal of a cause, the facts on which the right is based must exist, and they must be alleged of record through appropriate pleadings accompanied by the formalities prescribed by law. Miller v. Soule (D. C.) 221 F. 493. Whether the failure to furnish proof of the notary's authority to administer oaths was a fatal defect must be determined by the condition of the record that confronted the learned judge of the state court, for whose learning and judicial capacity this court has profound respect. If a fatal defect then existed, in the absence of any amendment correcting same then prayed for by the defendant and allowed, in view of plaintiff's amendment, there can be no jurisdiction in this court. The parties' rights were then fixed, for the question of right of removal must be determined on the record as at the time of the filing of the petition for removal. Miller v. Soule (D. C.) 221 F. 493; Anderson v. Western Union Telegraph Co. (D. C.) 218 F. 78.

[6-10] Section 29 of the Judicial Code (Comp. St. § 1011) requires that petitions

for removal shall be duly verified. A verification is confirmation of the correctness, truth, or authenticity of the pleading, or other paper, by affidavit, oath, or deposition. To verify is to affirm under oath, or to confirm by formal oath. 40 Cyc. 193. An oath, to be effective, of course, must be administered by some officer authorized by law to administer oaths. The courts of any one state cannot take judicial notice of the statute of another state conferring such power. 29 Cyc. 1083. And an affidavit taken outside the state cannot be received in court as an affidavit until it is shown that the person before whom it was taken was one of those authorized to perform such acts. 2 Corpus Juris, 335. The courts of one state cannot take notice of the acts of a foreign officer, unless required so to do by statute or some set rule of law, and affidavits taken before officers in foreign jurisdictions, whose qualifications are not shown, must be treated as a nullity. Scull v. Alter, 16 N. J. Law, 147, 151. A notary public at common law might note and extend marine protests, present foreign bills of exchange, and protest them; but the power to take affidavits has been conferred upon notaries by statute. In the absence of such statute, the notary has no such power. 29 Cyc. 1081–1083.

Since an early time, the statutes of Illinois have provided that affidavits may be sworn to before any officer authorized by the laws of any state to administer oaths; the fact that the person administering such oath is duly authorized to be proved in the same manner as in the acknowledgment and authentication of deeds. Under this statute it has been repeatedly held that the certification of the officer himself that he is duly authorized to administer oaths is sufficient proof. The converse is true that a certificate under seal by a foreign notary public is not prima facie evidence of his authority to administer oaths, under the Illinois acts on oaths and affirmations, unless it contains recital of the fact of his authority. Trevor v. Colgate, 54 N. E. 909, 181 Ill. 129; Desnoyers Shoe Co. v. Bank, 58 N. E. 994, 188 Ill. 312; Keefer v. Mason, 36 Ill. 406; Rowley v. Berrien, 12 Ill. 198. In the case first cited, the affidavit purported to be sworn to before a notary public of Kings county, N. Y., but no proof was produced as to the authority possessed by notaries public in the state of New York to administer oaths. The Supreme Court held that the affidavit could not be considered as competent evidence, where an affidavit was required. In Desnoy-

ers Shoe Co. v. Bank, the affidavit purported to be sworn to before a notary public of St. Louis, Mo., but contained no proof of the notary's authority to administer oaths. The Supreme Court of Illinois held the affidavit void.

[11, 12] It follows that, when this petition for removal was filed with the circuit court of Illinois, there was not submitted to said court a petition duly verified. In the absence of such proof of verification, the court had no valid petition for removal before it, and therefore rightfully denied the motion to remove. In view of the immediate amendment, by plaintiff, reducing the alleged damages to an amount less than the jurisdictional amount, no intervening rights having accrued in favor of the defendant, nothing that the defendant thereafter did could change the situation.

The motion to remand is allowed.