**HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., Plaintiff,**

v.

**AETNA INSURANCE COMPANY, a Connecticut corporation, et al., Defendants.**

**Civ. A. No. 2503.**

United States District Court
D. Delaware.
Jan. 7, 1963.

Daniel L. Herrmann and John T. Gallagher, Herrmann, Bayard, Brill & Gallagher, Wilmington, Del., for plaintiff, Kertz & Donovan, Washington, D. C., of counsel.

William Prickett, Jr., Prickett, Prickett & Tybout, Wilmington, Del., for defendants.

LAYTON, District Judge.

The plaintiff filed suit against the defendants in the Superior Court of the State of Delaware in and for Sussex County, on August 22, 1962. The action was commenced by service of process upon the defendants by way of service upon the Insurance Commissioner of the State of Delaware on or about August 29, 1962. Thereafter, the action was removed to this Court by the defendants.

On September 14, 1962, the defendants filed in this Court their petition for removal, copies of the pleadings, process, etc., in the Delaware Court and a removal bond in the sum of five hundred dollars. On or about September 17, 1962, the defendants filed herein their notice of removal, affidavit, answer to the complaint, notice of depositions and interrogatories, all of which were served upon the plaintiff's attorneys. The petition for removal is not verified as the statute requires.[1]

On September 25, 1962, the plaintiff moved to remand this action to the State court. The sole question before the Court is whether or not defendant's failure to verify the petition for removal constitutes a fatal defect.

■ It is unnecessary to cite authority for the proposition that statutes such as Sec. 1446(a) containing jurisdictional provisions must be strictly construed. This is conceded. But defendant takes the position that even this rule is subject to being relaxed in cases where the defect or omission is purely technical in nature. Kinney v. Columbia Savings and Loan Ass'n., 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. The question is thus squarely presented as to whether the failure to verify the petition here was a substantial or a purely modal or formal irregularity.

Only a thin, wavering line marks the boundary between omissions which may be regarded as technical and those which are substantive. Compare S. B. McMaster, Inc., v. Chevrolet Motor Company, 4 Cir., 3 F.2d 469, with Herbert v. Roxana Petroleum Corporation, 7 Cir., 12 F.2d 81, where opposite conclusions were reached in cases having substantially similar facts.[2] Certainly this case presents a situation as to which reasonable minds might differ.

■ The plaintiff's counsel points out that no particular injustice can arise in this case if a remand is ordered for the result would be to remit the case back to the Superior Court of Delaware where a fair and impartial trial can be had before a number of able judges. And in a sense, this is true. But regardless of the rationale underlying Section 1446,[3] the fact remains that this Section bestows upon a defendant wishing to remove to a federal court the unqualified right to do so without necessity of showing the impossibility of obtaining a fair trial in the State

---

1. "A defendant * * * desiring to remove any civil action * * * from a State court shall file in the district court of the United States for the district * * * within which such action is pending, a verified petition containing * * *." Title 28, § 1446(a) U.S.C.A.

2. In each case, the petitions for removal were verified but were challenged because of a slight defect in the affidavits.

3. The rationale underlying Section 1446 originally, though it may have disappeared in many instances, is to provide a separate forum for out of State citizens against supposed local prejudices.

court providing he can meet the conditions imposed by the Statute. This, in my view, represents an important right of which a defendant should not be deprived because of the mere omission of a verification accompanying the petition. I regard as technical, an omission such as this which adds so little,[4] and which can be so readily cured without conceivable prejudice to the plaintiff.

Cases from this same district such as Burns v. Standard Life Insurance Company of Indiana, D.C., 135 F.Supp. 904, and Gratz v. Murchison, D.C., 130 F. Supp. 709, may be distinguished. In the former, defendant removed his case after the lapse of the 20-day period provided by statute although a stipulation was entered into in the State court extending the time of the defendant " * * * to file its answer or to otherwise move or plead * * *." It was held that the statutory time provided for removal could not be altered by stipulation for, if it could, the very purpose underlying the provision permitting twenty days would be defeated.[5]

In the latter, the Gratz case, the petition failed to contain a jurisdiction allegation required by the statute, namely, a statement to the effect that a corporate defendant had not been served.

In my view, the omissions in the petitions for removal in the two cases above considered represented relatively serious defects,[6] perhaps requiring the application of the rule of strict construction while the omission of a verification as here is of a lesser degree of seriousness, one which may fairly be characterized as technical in nature.

And so it was held by the only other Court which has had the precise question before it. In Nelson v. Peter Kiewit Sons' Company, 130 F.Supp. 59 (D.C.N. J. 1955), the petition for removal was not verified but Judge Hartshorne denied plaintiff's motion for a remand stating inter alia:

"While the removal statute calls for filing of a 'verified petition' and a bond, the courts have established the rule that mere details in the steps for removal, without substantial effect on the rights of the parties, are but 'modal and formal', irregularities in the pursuit of which are not fatal, let alone jurisdictional, and are consequently either subject to waiver, or are curable, even after the time to file petition for removal has expired. * * *"

And compare Johnston Broadcasting Co. v. Federal Communications Commission, 85 U.S.App.D.C. 40, 175 F.2d 351, 355–356,[7] where the Court of Appeals for the District of Columbia reviewed several cases in which the failure to verify petitions or complaints as required by jurisdictional statutes was held to be not fatally defective. The Court concluded:

"Upon the foregoing authorities, the rule appears to be that when a [jurisdictional] statute requires verification of a pleading, a court cannot act upon the pleading unverified, but that an initial failure to verify can be cured by later verification."

4. Rule 11 of the Rules of Civil Procedure now regards an attorney's signature to a pleading as a " * * * certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it * * *."

5. Originally, the petition for removal could be filed "Any time before the defendant is required by the laws of the State or the Rule of the State Court * * * to answer or plead." Much confusion resulted and the Courts split into majority and minority views. Finally, Congress, in order to cure the confusion and create absolute uniformity, amended the statute by substituting the 20-day period.

6. But see Weeks v. Fidelity and Casualty Co. of N. Y., 5 Cir., 218 F.2d 503, apparently flatly disagreeing with the result reached in Burns v. Standard Life Insurance Co. of Indiana, one of the Delaware District Court cases above cited.

7. In accordance with the highest traditions of the bar, Judge Herrmann, counsel for plaintiffs, himself drew this case to the Court's attention.

It is my conclusion that despite the requirement of strict construction, the omission here was of a technical nature capable of being cured by amendment. If a prompt application to amend is filed by defendant's counsel, it will be granted and plaintiff's motion for remand thereafter denied.