# IN THE MATTER OF THE ESTATE OF
# DONALD ALEXANDER SMITH, Deceased

Probate No. ST-02-PB-52

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 13, 2006

PETER SCHIRON, ESQ. (argued), WILLIAM MCCONNELL, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, U.S.V.I., *Attorneys for Petitioner.*

GEORGE MARSHALL MILLER, ESQ., St. Thomas, U.S.V.I., *Attorney for Contestants.*

THOMAS, *Judge*

## MEMORANDUM OPINION

(October 13, 2006)

This matter came on for a Hearing on Monday, March 24, 2003, on the objections of Lecia Smith, Godfrey Smith, Lydia Smith and Lee Ann Smith-Malone ("Contestants"), who were all present, and appeared through George Marshall Miller, Esq. The Estate of Donald Alexander Smith appeared through Peter Schiron, Esq. and William McConnell, Esq., of Dudley, Topper and Feuerzeig, LLP. Sharon Donna Smith, Petitioner and Special Administratrix ("Petitioner"), was also present.[1]

## I. BACKGROUND

The Petitioner, daughter of Donald Alexander Smith ("Testator"), and Mary Johansson Smith, had submitted a Will dated February 1983 ("1983 Will") as the Last Will and Testament of the Testator. At the Hearing, the Contestants, who are the children of the Testator and Ismay Frett, objected to the 1983 Will. Instead, the Contestants proffered a Will dated November 9, 2000, ("2000 Will") as the Last Will and Testament of the Testator. The Court waived the formal requirements of Rule 193

---

[1] The law firm of Dudley, Topper and Feuerzeig, LLP was also appointed by the Special Administratrix Sharon Donna Smith as her Resident Attorney pursuant to 15 V.I. CODE ANN. § 235(c)(3).

83

of the Rules of the Superior Court, as requested by the parties; treated the objections of the Contestants as their "Declaration of Contest"; and allowed the parties to proceed. (Hr'g Tr. at 20-24.)

The Contestants raised five (5) objections to the 1983 Will offered by Petitioner: (1) that the first name of Lecia Smith was misspelled as "Lisia"; (2) that the Will fails to state the day in February 1983 on which it was signed; (3) that the Will mistakenly refers to Lydia Smith as a resident of St. John instead of St. Thomas; (4) that the signatures of Hilda Harley on the Will and on her Affidavit dated February 20, 2003, do not match; and (5) that the Testator's signatures on the 1983 Will and the 2000 Will do not match. The Contestants also testified that they were familiar with the signature of the Testator; and that they did not recognize the signature on the 1983 Will as his signature; but recognized the signature on the 2000 Will as that of the Testator. The Petitioner, on the other hand, objected to the 2000 Will as being a fraudulent document. The Court must determine which, if any, of the two documents submitted as the Last Will and Testament of the Testator is in compliance with Virgin Islands law and should therefore be admitted to probate.

Title 15 of the Virgin Islands Code, Section 13 provides the formalities with which a validly executed Will must comply:

### § 13. Manner of execution of will

Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

(1) It shall be subscribed by the testator at the end of the will.

(2) Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

(3) The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

(4) There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator.

15 V.I. CODE ANN. § 13 (1996). A court may determine that a Will has been validly executed once it finds that the testator has substantially complied with Section 13. *In re Estate of Savain*, 39 V.I. 91, 99 (Terr.

Ct. 1998) (citations omitted). The Third Circuit Court of Appeals has established "substantial compliance" as the standard by which Wills must satisfy the formalities of execution. *Rabsatt v. Schack*, 72 F.3d 123 (3d Cir. 1995). There is no requirement that a Testator correctly spell each and every word in the Will,[2] or correctly identify the residence of each legatee. Nor is there a requirement that a Testator or witnesses include the specific day that a Will is executed.

## II. DISCUSSION

### A. The 1983 Will

■ The 1983 Will has been executed such that it is in substantial compliance with Section 13: (1) the Testator's name appears at the end of the Will;[3] (2) the attestation clause indicates that the subscription was made by the Testator in the presence of each of the witnesses; (3) the attestation clause also declares that the 1983 Will is the Testator's Last Will and Testament, and; (4) the signatures of two (2) attesting witnesses appear at the end of the Will.

■ Additionally, the Deposition Testimony of Kortright Worrell, taken on March 6, 2003, further supports a finding of substantial compliance. Worrell testified that, in 1983 he was employed as a Special Assistant to the Administrator of St. John and, in that capacity, he served as a notary public on behalf of the Government of the Virgin Islands. (Worrell Dep. 5, March 16, 2003.) When shown the 1983 Will, Worrell identified his signature on page 2 of the document. (Worrell Dep. 7.) Worrell explained that he signed the 1983 Will in his capacity as a notary public. He further explained that his practice was to have the person requiring the notary sworn prior to notarizing the document and applying the notary seal. (Worrell Dep. 9.) When asked about the other signatures on the Will, Worrell indicated that he recognized the signature of one of the witnesses, Hilda M. Harley, who also worked in the Administrator's Office at that time. Worrell noted that it was common practice to ask other persons in the office to act as witnesses when necessary.

---

[2] The Court notes that, were correct spelling a prerequisite to the admission of a Will to probate, this would also be a disadvantage to the Contestants as the 2000 Will submitted by Contestants has the Testator's first name spelled incorrectly in the heading.

[3] Contestants submitted what appears to be a page from the Testator's passport bearing a signature of the Testator's name, without more. There is no indication as to the date of the signature or the reasonable inference, if any, to be drawn therefrom.

## B. The 2000 Will.

Lee Ann Smith-Malone, a resident of Georgia, testified that she and other family members planned a party for the Testator's seventieth (70th) birthday at Oppenheimer Beach in St. John, U.S. Virgin Islands. According to Smith-Malone, the date the Will was signed, November 9, 2000, coincided with the date of the Testator's birthday party. She also testified that the birthday party was held on either a Saturday or Sunday. The Petitioner, on the other hand, testified that she, too, attended the birthday party for the Testator and that the party was held on Sunday, November 5, 2000. This Court then took judicial notice of the fact that November 9, 2000, fell on a Thursday, not on a Saturday or Sunday.

Smith-Malone went on to state that she had prepared the 2000 Will in Georgia, and subsequently brought the Will with her to St. John for the Testator's signature. Smith-Malone identified two of the signatories at the end of the 2000 Will as acquaintances who had traveled with her from Georgia for the Testator's birthday party. She also identified the third (3rd) signatory as a person unknown to her, who was not a guest at the party but was on the beach at the same time. Finally, Smith-Malone identified Clarence Presley, the Notary Public who attested the 2000 Will, as another person unknown to her, also not a guest at the party; but also a resident of Georgia, who was serendipitously on the beach with his Georgia notary seal.

It is essential to recognize that "the power to take affidavits has been conferred upon notaries by statute." *Herbert v. Roxana Petroleum Corp.*, 12 F.2d 81, 83 (D.C. Ill. 1926). The power of a notary public is therefore limited by the terms of such statute. "In the absence of such statute, the notary has no such power." *Id.* Title 3 of the Virgin Islands Code, Section 772 provides that every person appointed as a notary public in the Virgin Islands is required to be a resident of the Virgin Islands during the term of that person's office. 3 V.I. CODE ANN. § 772 (1995). Furthermore, removal from the Virgin Islands is equivalent to resignation from that office. *Id.* A literal reading of the unambiguous language of Section 772 allows for the reasonable inference that one who administers an oath in this jurisdiction must be a resident of this jurisdiction. Ergo, Clarence Presley, a resident of Georgia, was neither

qualified nor authorized to attest the 2000 Will of the Testator at the Testator's birthday party in this jurisdiction.[4]

## III. CONCLUSION

In sum, the Court finds that the 2000 Will was not validly executed and cannot be admitted to probate as the Last Will and Testament of the Testator. Conversely, the Court finds that the 1983 Will was validly executed in accordance with Virgin Islands law and will therefore be admitted to probate as the Last Will and Testament of the Testator. An Order of even date follows.

---

[4] Recognizing that the Testator died on September 28, 2001, the Court also finds it unsettling that the 2000 Will was notarized with a stamp bearing an expiration date of May 20, **2006**, notwithstanding the fact that notaries public in Georgia hold office for a 4-year term. GA. CODE ANN., § 45-17-5(a) (2001).